## NEW-YORK COMMON PLEAS.

### CHARLES SHULTZ agt. WASHINGTON L. WHITNEY & WM. P. EARLE, impleaded, &c.

"The fees of *referees* shall be three dollars to each, for *every day spent* in the business of the reference; but the parties may agree *in writing* upon any other rate of compensation." (*Code*, § 313.)

Therefore, the *clerk*, on the adjustment of costs in an action tried or heard by referees, where no writing regulating their fees is produced, and the amount of such fees is objected to, cannot allow, to exceed three dollars, to each referee for each day spent in the business of the reference; and when the time *actually spent* by the referees (or referee) is *disputed*, then it must be shown *affirmatively* by affidavit, or by other equally competent proof.

And the *actual presence* of the referee is required, and must be shown affirmatively, when his absence is urged as an objection to the amount of the fees claimed by him on the adjustment of costs.

It is immaterial what number of days were *appointed* for the reference, unless it be shown that the referee attended in person at the appointed time and place.

If the parties in any case, by consent, take testimony before a person mutually agreed upon (other than the referee), there can be no objection to such a course; but the prevailing party cannot be permitted to charge for the services thus rendered as a disbursement in the cause.

The fees of a referee can only be allowed for each *day spent by the referee* in the business of the reference, and if the parties agree to dispense with his presence at the hearing and he absents himself, and the testimony is taken down by his clerk, no fees for such services, or of the referee, can be allowed.

*General Term, July*, 1859.

By the court—HILTON, Judge.   The plaintiff instituted proceedings under the mechanics' lien law, against the building known as Laura Keene's Theatre, claiming a balance due him of $883.41, for bricks furnished by him toward its erection.

After issue joined, the cause was referred by consent of parties, and it appearing from the referee's report that at the time of filing the plaintiff's notice of lien there was nothing owing or due from the owners to the contractors who undertook the

Shultz agt. Whitney.

erection of the building and who purchased the brick from the plaintiff, the defendants became entitled to judgment.

Upon entering the judgment, the clerk adjusted the defendants' costs at $399.94, of which $325 was allowed for referee's fees, $60 for the fees of the defendants' attorney, and the residue was made up of witnesses' fees and other disbursements.

From this adjustment the plaintiff has appealed to the court, to have rescinded the action of the clerk in allowing the sum stated for the fees of the referee. It is necessary, therefore, to look at the existing statutes respecting such fees, and also into the affidavits and papers presented to the clerk at the time of the adjustment, to determine as to the propriety of his action.

By the Code (§ 311) he is required to insert in the entry of judgment, on the application of the prevailing party, and upon notice to the other, the allowance for costs, the necessary disbursements, *including* the fees of officers, the *fees of referees, &c.* These disbursements must be stated in detail, and verified by affidavit, and a copy of the items composing the costs and disbursements must be served with the notice of adjustment.

By section 313 the fees of a referee are fixed at three dollars for *every day spent* in the business of the reference; but the parties are permitted to agree *in writing* upon any other rate of compensation.

These statutory provisions seem clearly to define the duty of the clerk upon adjusting the amount to be included in the costs of the prevailing party for the fees of a referee. Where the sum claimed is objected to, if no *writing* is produced agreeing upon any particular compensation, the allowance cannot exceed "three dollars for each day spent in the business of the reference;" and when the time actually spent by the referee is disputed, then it must be shown affirmatively by affidavit or by other equally competent proof.

By these rules, then, will the affidavits be tested, and this review be governed.

The objecting affidavit was made by plaintiff, who stated that the reference began October 20th, 1857, and the testimony

Shultz agt. Whitney.

was taken before a young man in the office of the referee, and altogether there were sixteen meetings at which testimony was so taken; that upwards of twenty adjournments were had, in consequence of the referee being absent, and the young man referred to being engaged taking testimony in other cases, was consequently unable to proceed with this; and that the referee has charged for sixty meetings, and five days for preparing his report, making in all sixty-five days, at five dollars each day—all of which the plaintiff says is illegal and unjust.

In opposition to this, and also for the purpose of supporting the claim made, the defendants produced two affidavits of the young man referred to, stating himself to be the managing clerk of the referee, having the charge of keeping his books relating to references and law business; that he kept a record of the *number of days appointed* for hearing herein, and he attaches a copy thereof; that it is the custom of the referee to charge five dollars for each day so appointed in cases referred to him, unless a larger sum is agreed on; that the record shows the number of days so appointed to be sixty; and after the cause was submitted, the referee was, to the knowledge of the young man referred to, engaged for several days in the examination of the case, preparatory to, and in the decision of, the same; that the testimony was *taken by him* at the *solicitation* of the counsel for both parties, and he *has no recollection* of any occasion at which this cause was postponed in consequence of engagements either of the referee or of himself, nor *does he believe* that any postponement was necessitated by any such engagement.

These affidavits, together with the receipt of the referee, showing the payment to him of the amount claimed, were the only proofs before the clerk at the time of the adjustment, and I think it cannot be said that they are sufficient to justify the allowance of any sum whatever for referee's fees, unless it be considered that the "several days" spent in determining the case are stated and verified with sufficient detail or definiteness to justify the allowance of at least *one*, and at most *three* days for that particular service.

It is quite immaterial what number of days were *appointed* for the reference, unless it be shown that the referee attended in person at the appointed time and place ; nor can it be important to know the custom of the referee in respect to his charges, when there is no writing produced showing an agreement of the parties upon the subject. The law allows a fixed sum for every day spent by the *referee* in person on the business of the reference, and, to entitle a referee to this sum, he must first show actual attendance at the time and place fixed for the hearing. Mere proof, by a young man in his office, of a copy of a record kept by him in the referee's books, standing alone in opposition to the positive statement of the other side that but sixteen meetings were actually had, at which testimony was taken, and the adjournments were in consequence of the absence of the referee and the engagements of his young man (who appears to have been the clerk before whom all the testimony was actually taken), is not sufficient to justify any allowance whatever for referee's fees in an action.

Although it was assumed on the argument before me that the service of this young man might be regarded as the service of the referee, yet, I do not, upon reflection, perceive how this view can be entertained under the peculiar phraseology of the statute.

The fee can only be allowed for each day *spent by the referee* in the business of the reference, and if the parties agree to dispense with his presence at the hearing, and he absents himself, I do not see how the fact, that his clerk wrote down a statement of the witness which the parties agreed to regard as evidence, can, upon objection, entitle him to the fee which the statute only allows for actual and personal service.

His inability, on account of other references or engagements, to attend to the trial which the court at the request of the parties had intrusted to him, would be a sufficient reason for appointing another referee, his clerk, indeed, if the parties desired it ; but it furnishes no reason for allowing him a fee or a service he has never performed.

I say *never* performed, because I cannot admit that a referee

any more than a judge or juror, can act by proxy in the trial of an action; and as a referee cannot so act, it follows that no fee can be allowed for any service shown or claimed to have been thus rendered. The *actual* presence of the referee is required as a condition precedent to the allowance of any fee for the hearing of a matter referred to him; and this presence must in all cases be shown affirmatively, when, as in the present instance, his absence is urged as an objection to the fees claimed by him, upon the adjustment of costs by the clerk.

If the parties in any case, by consent, take testimony before a person mutually agreed upon, there certainly can be no objection to such a course; but the prevailing party cannot be permitted to charge for the services thus rendered as a disbursement in the cause, if the item is objected to, much less can such person be regarded as a referee, or considered as entitled to the fees of such an officer, if the action has not been regularly referred to him by the court.

I have, therefore, examined this case upon the proofs and affidavits presented to the clerk at the time of the adjustment of the costs by him, and without reference to another affidavit which was read by the defendants' counsel upon the argument of the motion by way of review before me. The fact, that the affidavit thus read was not before the clerk, would be a sufficient reason for disregarding it; but as the counsel for the defendant did not object to it at the time, I see no obstacle in the way of my referring to it for the purpose of ascertaining whether, upon a readjustment, any additional facts might be shown under which the allowance by the clerk might be justified. Because, if all the facts which can be presented are now before me, there will exist no necessity for ordering a readjustment.

This affidavit is made by the same young man, who, in addition to the matter before verified by him, says: That the referee was to his knowledge actually engaged five days in examining the testimony taken, and in preparing his report; also, that the referee said upon several occasions to the parties,

that he would attend and take the testimony in person when either desired him to do so.

From all this (and the additional affidavit does not contain anything else material in my opinion), it is apparent that the referee never did actually attend in person at any time when witnesses were examined, but all was written down by the clerk in his absence, and finally submitted to him for his opinion and decision. Under such circumstances it would not be unreasonable, where the testimony is voluminous, to suppose that five days would be spent in examining and preparing a report upon it, nor would it be improper to allow five days for such a service when the proof is conclusive in respect to it.

But it can hardly be said that the proof here furnished is of such a character. In the nature of things, it is not probable that even a clerk in a referee's office can state positively upon what the mind of the referee is occupied during five days, and it cannot be presumed that it would take one-half of that time to read the written evidence in the present case, which seems to be one of a very ordinary kind, such as are usually tried before a judge of this court at a single session. Nor does the report itself furnish any positive indication upon this point, as it is less than three pages in length.

Usually in these cases the affidavit of the referee should be required before any allowance of this description is made; but as the plaintiff's counsel has not objected to the affidavit here produced, I am at liberty to regard it and act upon the facts stated in it.

Under it the referee is entitled to be allowed for five days spent in the business of the reference, at three dollars for each day.

The costs and judgment of the defendants will therefore be reduced, by deducting from the amount allowed for referee's fees and included in said judgment the sum of $310, and the proper order to that effect will be entered.