By the Court.—Van Vorst, J.*
By the agreement of the parties on the trial, an entry of which was made in the minutes, the fees of the referee were fixed at an amount per diem largely in excess of the allowance made by law.
The parties could so agree (Thurman v. Fiske, 30 How. Pr., 397 ; Code, § 313 ; Philbin v. Patrick, 22 How. Pr., 1).
There is a conflict in the affidavits used before the taxing officer on the adjustment of the costs, as to the number of days spent by the referee in the hearing and determination of the ease.
But if the only question raised was as to the number of days necessarily spent by the referee, and there was a conflict in the statements, the decision of the clerk, on such question of fact, might not be disturbed.
But it is claimed by the plaintiff’s counsel that it is not shown that the number of days charged were necessarily devoted to the reference.
Section 311 of the Code provides that the clerk shall insert in the entry of judgment the “necessary disbursements” including “fees of referees,” and that the disbursements shall be stated in detail and verified by affidavit.
In aE cases, therefore, where opposition is made, the disbursements for referee’s fees should be supported by affidavit, and a general affidavit of the disbursements, made by the attorney, is not sufficient. His affidavit is not the best evidence of the fact.
In Shultz v. Whitney, 9 Abb. Pr., 71, it is suggested that such affidavit be made by the referee himself. The referee only can know the number of days spend in the case after its submission, and should furnish the evidence. The parties might, without doubt, waive this affidavit, and accept the certificate of the referee of the days necessarily spent in the reference.
*361 The fees of the referee in this case amount to the extraordinarily large sum of three thousand and sixty dollars, and, under the objection made, should be established by satisfactory legal proof.
The affidavits of the plaintiff’s attorney allege that from the stenographer’s notes of the trial, the total number of meetings before the submission of the case, was ninety-live, and that there were afterwards twenty sittings to hear arguments, and twenty adjournments, making in all one hundred and thirty-five sittings.
The affidavit of the defendant’s attorney fixes the number of sittings, from his register, at one hundred and fifty-two, but does not satisfactorily state the number of days spent by the referee in the examination and decision of the case after it was submitted. On the argument, however, it was stated that some fifty days were claimed by the referee to have been spent in examining the evidence and making his report. There is nothing before us to sustain a charge for any such number of days. The certificate of the referee, made after the delivery of the report, cannot be regarded as legal evidence to justify the taxation of these fees. Proof by affidavit should show the number of days “spent” in the business of the reference, and that they were so necessarily.
Such proof by affidavit is the more necessary in this case, where it appears by the uncontradicted affidavits of two of the attorneys of the plaintiff, that the referee interrupted one of the plaintiff’s counsel in his summing up, after he had been speaking only ten minutes, with these words:
“You have already read from your brief long enough to call this a sitting, and we will now adjourn; and I hope you will make the reading of your brief occupy as many days as possible, as I am sure of getting paid for the time by the defendants, for when *362 ever I send to them for a check for any fees I always get it.”
It can scarcely be urged that a charge of fifteen dollars a day for hearings so interrupted and invited to be protracted, was allowable, or the hearing itself necessary. It clearly was not.
There is no affidavit to support the item “ costs allowed on amendment of complaint, twenty-five dollars.” There is no statutory allowance of such charge, and if those .costs' were imposed by some order, the evidence should be produced.
Before allowing the term fees charged in the bill, the clerk should be satisfied that the cause was “necessarily on the calendar ” for those terms before the reference was ordered.
For these reasons, the adjustment of the costs and disbursements made by the .clerk is set aside, and the costs are directed to be readjusted by him. The readjustment may be had upon a notice of three days by either party.
The clerk should require satisfactory proof by affidavit of the number of days the referee necessarily attended and spent in the hearing before the submission of the case, and the number of days so spent in the examination and decision of the case after submission, and if, as is alleged, the plaintiff himself has paid to the referee for any part of the attendances charged, such sum should be deducted from the amount.-
And should the .bill of costs be reduced on the readjustment, the amount of the reduction should be taken from, the judgment, if it is already entered.
Babbotjr, Ch. J., and Moitell, J., concurred.

 Present—Barbour, Ch. J., and Monell and Van Vorst, JJ.