By the Court.—Loew, J.
[After reviewing the evidence, and holding that judgment must be reversed because unsupported by evidence.]—In the absence of an agreement in writing, fixing a different compensa *325 tion, a referee cannot lawfully claim more than three dollars for every day personally spent by him in the business of the reference (Code, § 313; Watson v. Gardner, MSS., Ct. of App.; Shultz v. Whitney, 9 Abb. Pr., 71).
In his affidavit the referee states that before the trial of the action was commenced before him, he informed the parties to it that his fees on the reference would be five dollars for every meeting of one hour, each adjournment to be considered a meeting, and that both parties consented and agreed thereto.
If such was the case, he should have procured their consent to said terms in writing, or at least made a memorandum thereof upon his minutes at the time, which, I think, would have been a sufficient compliance with the requirement of the Code (Philbin v. Patrick, 22 How. Pr., 1).
But it is not claimed that he did either ; and as the three plaintiffs, as well as Mr. Fallon, who acted as their counsel on the trial of this cause, positively swear that no agreement in reference to the compensation of the referee was ever made by them, or either of them, or with their knowledge or consent, the order appealed from should be reversed, and a readjustment of the referee’s fees ordered.
Daly, Ch. J., and J. F. Daly, J., concurred.