THE FIRST NATIONAL BANK OF COOPERSTOWN, Respondent, *v.* JANE A. TAMAJO et al., Appellants.

An oral agreement between the parties to an action on trial before a referee, entered by a stenographer upon his minutes, leaving it to the referee to fix his own compensation, is not an agreement in writing by the parties for another rate of compensation than that prescribed, such as is authorized by the provision of the Code of Procedure (Old Code, § 313) regulating referees' fees.

If such an agreement can be considered one in writing, it is not binding as it does not fix any rate of compensation.

The cases holding that oral agreements between parties or their attorneys, made in open court, in respect to matters connected with the litigation, are binding and will be enforced, have no application to such an agreement, as it has reference to a matter wholly collateral to the litigation which is regulated by statute.

(Argued May 27, 1879; decided June 3, 1879.)

APPEAL from order of the General Term of the Supreme Court, in the second judicial department, reversing an order of Special Term which denied a motion on behalf of defendants to readjust the costs herein. (Mem. of decision below, 17 Hun, 241.)

The item in question was the referee's fees. The facts appear sufficiently in the opinion.

*James E. Chandler*, for appellants. Verbal or oral stipulations made in open court during the trial of a case will be enforced by the courts if they relate to the proceedings in the case and are acted upon before revocation. (*Jewett* v. *Albany City Bank*, Clarke's Ch. [Moak's ed.], 247; *Banks* v. *Am. Tract Soc.*, 4 Sandf. Ch., 438; *Staples* v. *Parker*,

41 Barb., 648; *Corning* v. *Cooper*, 7 Paige, 587; *Livingston* v. *Gedney*, 25 How. Pr., 1, 4; *Foster* v. *Bryan*, 26 id., 164; *Ballou* v. *Parsons*, 55 N. Y., 673; *Keater* v. *U. and D. P. Road Co.*, 7 How. Pr., 41; *Dezell* v. *Odell*, 3 Hill, 215; *Thurman* v. *Fiske*, 30 How. Pr., 397; 16 Hun, 14.) The referee and defendants having proceeded upon the strength and good faith of the stipulation entered on the stenographer's minutes, plaintiff should not be allowed to renounce it. (*Wel. Canal Co.* v. *Hathaway*, 8 Wend., 483; *Dezell* v. *Odell*, 3 Hill, 221; *Banks* v. *Am. Tract Soc.*, 4 Sandf. Ch., 498.)

*Benj. Estes*, for respondent. A referee is only entitled to statutory compensation for his services in the absence of a written agreement for greater fees made and signed by both parties or their attorneys. (*Chase* v. *James*, 7 N. Y. Wkly. Dig., 415; 16 Hun, 14; *Brown* v. *Windmuller*, 36 Sup. Ct. R., 75; 14 Abb. [N. S.], 359; Bliss' Code, 1085; *Shulz* v. *Whitney*, 9 Abb. Pr., 71.)

ANDREWS, J. The statute fixes the compensation of referees at three dollars for each day spent in the business of the reference, but permits the parties to "agree in writing upon any other rate of compensation." (Code, § 313.)

It appears from the affidavits that, at the commencement of the hearing before the referee and before any evidence was taken, the referee, in the presence of the attorneys for the parties, alluded to the subject of his compensation, and that thereupon the parties agreed orally that they would leave it to the referee to say what his compensation should be, and to fix what he deemed a reasonable fee for his services. The stenographer thereupon entered in his minutes the substance of this agreement, and the reference proceeded. The referee was engaged on nine different days in taking the testimony in the case. There were several adjournments on days when no testimony was taken. The report bears date about two months after the case was submitted to the

referee, but the affidavits tend to show that there was an interval of less than two weeks between the time the referee commenced the examination of the case and the date of his report. The report was in favor of the defendants. The referee fixed his compensation at $575, which was paid by the defendants. The sum thus paid was taxed as part of costs of the action against the plaintiff, and the question is whether this sum was properly included in the taxation. The oral agreement between the attorneys, entered by the stenographer in his minutes, was not, we think, an agreement in writing by the parties for another compensation than that prescribed by the statute. If it could be considered an agreement in writing between them, it did not fix any rate of compensation. The agreement to leave it to the referee to make such charge as he deemed reasonable, left the whole subject open and indefinite. It did not fix any rate of compensation. It simply left it to the referee to determine and fix the value of his own services, each party impliedly assenting to be bound by his decision. To hold that the agreement in question was an agreement fixing a rate of compensation would not be justified by any fair interpretation of the transaction. The attorneys in the case, by their agreement, put upon the referee a responsibility which the statute places upon the parties themselves. If, in view of the importance of the case, or the character and standing of the referee, counsel deemed the rate of compensation fixed by the statute to be inadequate, they could agree upon a larger rate. One of the parties to the action would be compelled in the end to bear the increased expense of the litigation in consequence of such agreement. It is but just to clients that agreements made by counsel which may enhance the burden and costs of litigation should be made upon their judgment and professional responsibility, and the attempt in this case to impose an indefinite responsibility upon the parties to the action, depending upon the decision and judgment of the referee in a matter in respect to which he had a personal interest, ought not to be sanctioned. The statute, wisely, we think, requires

a formal written agreement between the parties before either can be subjected to the payment of referee's fees beyond the prescribed rate.    There is no ground for questioning the *bona fides* of the counsel or the referee in respect to the transaction.    But the question is whether the agreement made was in conformity with the statute, and we think it was not. The statute making compensation to referees beyond the statute rate to depend upon a written agreement between the parties fixing such increased rate, is in harmony with the general policy of the law that costs, when allowed, shall be according to a fixed and definite rule and shall not depend as to amount upon the discretion of any court or officer. There are some exceptions to be found in the statute regulating costs in civil actions, but the power to make discretionary allowances is liable to abuse, and ought not to be extended by construction.    Section 313 of the Code permits the prescribed rate of compensation for the services of referees to be changed in the mode specified and by necessary implication excludes a change in any other way.    This was doubtless a proper case for a special agreement under the statute, but the agreement made was not in conformity therewith, and courts cannot give effect to it.    The cases in which it has been held that oral agreements made by attorneys or parties in open court in the progress of a cause, in respect to matters connected with the litigation are binding upon the parties and will be enforced by the court, have no application.    The agreement relied upon was not an agreement touching the subject matter of the litigation, but but had reference to a matter collateral thereto. which is regulated by statute.

The order should be affirmed.

All concur, except RAPALLO, J., absent.

Order affirmed.