PATRICK O'KEEFE, RESPONDENT, *v.* JACOB R. SHIP-
HERD, APPELLANT.

*Costs—cannot be increased by the agreement of the attorneys.*

Costs, in excess of the amounts allowed by law, cannot be taxed by the agree-
ment of the attorneys for the parties to the action.

APPEAL from an order of the Queens County Court, upon an ap-
peal from the decision of the county clerk on the taxation of the
costs herein.

This action originated in a justice's court, where judgment was
entered for plaintiff. On appeal to the County Court the follow-
lowing stipulation was entered into :

"The amount at stake in this action being insignificant, and the
appeal having been taken only to secure a ruling upon an important
question of law, and the case and issues having been settled by
stipulation this day, it is hereby further stipulated that upon the
entry of judgment disposing of said appeal, the prevailing party
shall have the right to include among taxable costs ten dollars costs
of motion for judgment.

"JACOB R. SHIPHERD,

*Deft's Atty.*

"CHAS. SPIRO,

*Plff's Atty.*"

Upon the appeal the judgment below was reversed, with costs
and on September 18 the prevailing party filed with the clerk a
bill of costs amounting to $38.04, inclusive of the $10 motion costs

mentioned in the foregoing stipulation, and to this bill of costs was annexed the following stipulation :

" It is hereby stipulated that the clerk may tax appellant's costs against respondent at thirty-eight dollars and four cents, as total costs and disbursements, and may insert this amount in the final judgment."

Upon these stipulations the defendant moved for judgment for $38.04, but the clerk refused to insert this amount in the *postea*, rejecting the $10 motion costs and one other item of $3.50. From the clerk's adjustment, in disregard of their stipulation, the parties jointly appealed to the court. This joint appeal was disposed of by the filing of the following decision :

" Taxation of clerk affirmed except as to the item of $3.50. This, I think, is allowed the appellant by section 371 of the Code, in relation to appeals from justices' courts. Appellant is not entitled to $10 motion fee. Statute does not allow it. No motion is necessary to be made, and I am not willing to sanction agreement where the object is solely to increase the costs at the expense of the client."

From this decision, refusing to the prevailing party the $10 motion costs, the defendant appealed.

*Jacob R. Shipherd*, appellant, in person.

*Charles Spiro*, for the respondent.

BARNARD, P. J. :

The only question presented by this appeal is, whether a greater amount of cost than is allowed by law can be taxed by the agreement of the attorneys? We think it cannot be done. The general rule is that costs, when allowed, shall be according to a fixed and definite rule.

The agreement in question was not an agreement touching the subject-matter of the litigation, but had reference to a matter collateral thereto, which is regulated by statute. (*First National Bank* v. *Tamajo*, 77 N. Y., 476.)

The county judge was entirely right in deciding that it was improper for a court to increase the cost of the litigation beyond the

legal rate, under an agreement made by the attorneys. The order should be affirmed, with costs and disbursements.

GILBERT and DYKMAN, JJ., concurred.

Order affirmed, with costs and disbursements.