Harry agt. Hilton.

This action was begun in the marine court of the city of New York. On May 29, 1882, the defendant served its answer, whereupon plaintiff filed a note of issue, and on June 7, 1882, noticed the case for trial for June thirteenth. On June twenty-third the defendant filed a petition and bond for removal into this court, and a removal was on that day duly had. The defendant filed the record on the first day of the present term of this court (October sixteenth), and it appears that the plaintiff had previously put the case upon the calendar of this court and again noticed it for trial.

The defendant moved to strike the cause from the calendar as improperly on, for the reason that the clerk could not put it upon the calendar, and plaintiff could not notice it for trial in this court until after the record had been filed. The plaintiff, in opposition, claimed that the cause standing "for trial" before removal, his practice had been regular, and cited section 6, act of 1875, and *Koontz* agt. *Railroad Company* (14 *Otto*, 13–18).

*B. Leimisor*, for plaintiff.

*Robinson, Scribner & Bright*, for defendant.

---

## N. Y. COMMON PLEAS.

Elliot C. Harry agt. Edward G. Hilton, impleaded, &c.

*Attorney and client — Client responsible for stenographer's fees when stenographer is employed by attorneys.*

A client is responsible for stenographer's fees in proceedings in a case where such stenographer is employed by attorneys to take the minutes.

*General Term, November*, 1882.

*Frank F. Slade*, for plaintiff and respondent.

*Charles W. Seymour*, for defendant and appellant.

VAN BRUNT, *J.* — The question involved in this appeal is, whether a client is responsible for stenographer's fees in a case where such stenographer is employed by attorneys to take the minutes of the proceedings before an auditor, to whom the surrogate has referred an executor's account. The counsel for the respondent relies upon the decisions of the courts which held that when an attorney orders notes of a case from a stenographer that the client is presumably liable and not the attorney, because the relation of principal and agents exists.

These cases introduce no new rule in the law regarding contracts, but simply enforce an old one. Their significance, however, lies in the fact that in the decision of these cases, the courts assume that such action upon the part of the attorney is presumably within the scope of the authority conferred upon him, when he is retained by his client, and that the attorney has the right to bind his client for any service which may be necessary and proper not only for the preparation of the case for trial, but for the convenient conduct of such trial, and the proceedings thereafter taken (*Covel* agt. *Hart*, 14 *Hun*, 254).

In the case of the *First National Bank* agt. *Tomajo* (77 *N. Y.*, 476) the right of the attorney to make agreements which enhance the burden and costs of litigation is directly recognized.

We are of the opinion, therefore, that the attorney does bind a client for the payment of stenographer's fees where he is employed during the progress of a proceeding under a suggestion to which he acceeds.

The objection raised to the ruling of the court in excluding the question as to whether the defendant Hilton instituted the proceedings or filed objections to the account is not well taken. The fact that Hilton was attending such accounting

by his counsel was conceded. He was attending such account-ing by his attorney as a party in interest. He thereby became a party to the proceeding, and it was immaterial whether he instituted it or not.

The judgment should be affirmed.