Pendency of divorce no excuse. People v. Mitchell, 2 *Supm. Ct.* (*T. & C.*) 172.

The property of the husband may be attached. Bourgeois' Case, 7 *Abb. N. C.* 260.

As to breach of bond, see People v. Pettit, 6 *Supm. Ct.* (*T. & C.*), 9; s. c., 3 *Hun*, 416.

As to prosecution of the bond or undertaking, see Lutes v. Shelley, 40 *Hun*, 197; and People *ex rel.* Comm'rs v. Dando, p. 245 of this vol.

For the remedy to compel a parent to support a child, see People *ex rel.* Balch v. Strickland, 13 *Abb. N. C.* 473; Bennefield v. State (*Ga.*, Jan. 9, 1888) 4 *Southeastern Rep.*, 869.

---

## THORNTON v. TUTTLE

*N. Y. Supreme Court, Fifth Department, General Term; April,* 1887.

1. *Party's liability upon attorney's employment of stenographer.*] The attorney for a party to an action has implied authority to bind his client by the employment of a stenographer to take and write out the testimony of witnesses upon a reference of a special issue.*

2. *The same; limitation of attorney's authority.*] The party's instruction to his attorney not to employ a stenographer will not affect the latter's right of action, where he had no knowledge of such limitation of the attorney's authority †

3. *The same; rules of court.*] The attorney's authority to employ a stenographer is not qualified by the fact that the rules of court contemplate that the testimony in such cases should be taken by the examiner before whom the reference is heard, and the depositions read over to, and signed by the several witnesses, where the parties stipulate that the testimony may be taken by a stenographer, and signed by the witnesses upon the stenographic notes.

4. *The same; order of court.*] The stenographer's right to recover is not affected by a direction in the order of reference that the testimony be taken at the expense of the opposite party, *it seems,* even though he knew of such direction.

---

* See 1 *Abb. New Pr.* pp. 452, 453.

† See Ryan v. Rand, *post,* p. 313.

*J. B. Adams*, for the defendants, appellants.

*Charles A. Pooley*, for the plaintiffs, respondents.

BRADLEY, J.—This action is brought to recover for services of the plaintiffs as stenographers, alleged to have been performed for the defendants upon the employment in their behalf by their attorney in the action in which the services were performed.

The action was in equity in the United States circuit court for the northern district of New York, in which the defendants in this action were complainants, and Mr. Duell was their solicitor and counsel. The defendants were Loomis and Tolles, and Mr. Stewart was their counsel. The defendants there asserted and desired to establish that there was privity between the complainants in such action, and the complainants in another action pending in the United States circuit court for the western district of Michigan, in which Reed and others were complainants, and Chase and others defendants; and on their application a reference was directed to a special examiner to take testimony on that question and report it to the court. And the order directed that it should be taken at the expense of the defendants in that action.

They proceeded to take the proofs, and to aid in that respect, and at the request of their counsel, Mr. Stewart, the plaintiff, Thornton (a member of the firm of Thornton, Briggs & Close), took the testimony on their part, with the consent of the plaintiff's solicitor, as appears by a stipulation entered by the stenographer in the minutes by which it was "stipulated that the testimony may be taken by a stenographer, and signed by the witnesses upon the stenographic notes, and that the reading of the testimony by the witnesses is waived." At the close of the proofs on the part of the defendant in that action, the complainants proceeded to take testimony in their behalf, at Perry, N. Y., Kalamazoo, Mich., and Cleveland, Ohio; and it was taken by

the plaintiff Thornton.   The defendants in that action  paid
him for taking the testimony  put in by them.   And they
and the complainants refused to pay for taking that intro-
duced by the latter.    It is for compensation for taking this
that this action is brought, and the recovery had.   And the
referee has found that after the close of the proofs on the
part of the defendants in that action, Mr. Duell, acting as
such attorney and counsel for these defendants, employed
Thornton as such stenographer to take the testimony of the
witnesses then to be examined in their behalf before the
examiner, and agreed with him that his clients, the defend-
ants, would pay him for so doing, and that in pursuance of
such employment the plaintiff Thornton took stenographic
notes of the testimony offered by them in that action, and
furnished the examiner and Duell long-hand copies there-
of. And he further found that Mr. Duell had been in-
structed by his clients not to employ a stenographer; that
the only authority he had was conferred by his employment
as attorney in the action ; and that the plaintiffs had no
knowledge that such instructions had been given to him;
and that they relied upon his authority as such attorney to
charge his clients by such employment.

The evidence, although sharply conflicting on the ques-
tion of the employment of the plaintiffs, was sufficient to
permit and support the facts so found by the referee.

The relation of an attorney to his client is that of agency
in respect to such matters as come within the conduct and
management of the action in which he is employed.   The
method of taking evidence with a view to completeness and
accuracy, as well as expedition, is a matter for the judgment
of the attorney, relating to the trial of actions, and to the
preservation and presentation of the proofs for considera-
tion.   The use of stenography for that purpose is neither
unusual nor unreasonable.   And, ordinarily, the employ-
ment of the means to take the testimony in that manner,
and to furnish a long-hand copy of it thus taken, would
come within the scope of the authority of the attorney as

Thornton v. Tuttle.

such, and the liability for the service be that of the client (Judson v. Gray, 11 *N. Y.* 408 ; Bonynge v. Field, 81 *Id.* 159 ; Bonynge v. Waterbury, 12 *Hun*, 534 ; Sheridan v. Genet, *Id.* 660 ; Covell v. Hart, 14 *Id.* 252 ; Harry v. Hilton, 64 *How. Pr.* 199 ; s. c., 11 *Abb. N. C.*, 448.)

The fact that the rules of the United States circuit court contemplate that the testimony in suits in equity cases will be taken by the examiner, and the depositions of the several witnesses read over to and signed by them respectively, does not, we think, qualify the authority of the solicitor in his relation to his client in respect to the means employed to take the evidence, so long as it may be made available in the court for the purposes for which it is taken.

The plaintiff Thornton was advised of the stipulation made by the counsel for the parties, and entered it in the minutes at the commencement of taking the proofs. And it is likely that he then understood that Mr. Duell consented for his clients that it be taken by the stenographer, with the understanding that he should, without expense to them, be supplied with a copy of the testimony so taken. But the referee has found, and such finding has the support of the evidence, that after the defendants in that suit had put in their testimony, the stenographer was discharged from further attendance by their counsel ; and that it was then or shortly thereafter that he was employed as before mentioned to take the proofs to be given on the part of the complainants.

Such was the employment and the services performed pursuant to it, as found by the referee, which constitute the subject of this action. The plaintiff Thornton says he had no knowledge, and it does not appear that he had before the trial, of the order of reference which directed the payment by the defendants in that action of the expenses of taking the testimony. And it might not have defeated the plaintiff's recovery if he had. The plaintiff Thornton had the right to assume, unless in some manner advised to the contrary, that the attorney who employed him had the author-

ity which his relation as such to his clients imported. And his right of action against them was not affected by any secret or confidential instructions given by them to him qualifying his authority.

The conversation had in the presence of Thornton about presenting the question as to which of the parties should pay these charges to the court, his affidavit made with that view, and the correspondence on his part upon the subject of the claim, and in relation to the means of having it allowed, the referee, in view of the explanatory circumstances appearing in the evidence, was at liberty to conclude were not inconsistent with the claim made in this action by the plaintiffs.

There seems to be no serious dispute about the value of the services. And there is evidently no statutory rate of fees or charges prescribed applicable to the services in question.

The findings of the referee upon the conflicting evidence must be deemed conclusive. No other question seems to require consideration.

The judgment should be affirmed.

HAIGHT and LEWIS, JJ., concurred.