Rollins, S.
By an order of this court, entered on May 4, 1887, was above entitled proceeding. On May 10, 1887, an entry was made upon, the minutes of the referee, to the effect that it-had been agreed between the counsel for the respective-parties that the referee’s compensation should be “ left to be-determined by the surrogate upon the coming in of the final report without regard to statutory fees.”
This proceeding was commenced before the enactment of' the Code of Civil Procedure, and the order of reference was- *185 made in pursuance of section 6 of chapter 359 of the laws of 1870. That section declared that a referee appointed by the surrogate, in accordance with the authority confered by said chapter, should have “the same powers and compensation as referees appointed by the supreme court.”
When the act of 1870 came upon the statute book, the compensation of refeeees appointed by the supreme court was fixed by section 313 of the Code of Procedure at three dollars per day, with liberty to the parties participating in the litigation to “ agree in writing upon any other rate of compensation.”
The force and effect of section 313 were the subject of consideration by the supreme court in Chase v. James (16 Hun, 14), and by the court of appeals in First National Bank of Cooperstown v. Tamajo (77 N. Y., 476). It was in both these cases decided that an entry in the referee’s minutes)respecting his compensation could not operate to increase it above the statutory standard and that even if such entry could be regarded as substantially amounting to “an agreement in writing,” it would not be binding upon the parties unless it fixed with definiteness the rate of compensation which was to be substituted for the rate prescribed in the statute.'
Andrews, J., pronouncing the opinion of the court of appeals in the case last cited, said: “The statute making compensation beyond the statute rate to depend upon a written agreement between the parties fixing such increased rate, is in harmony with the general policy of the law that costs when allowed shall be according to fixed and definite rule, and shall not depend as to amount upon the discretion of any court or officer.”
I am forced to hold, therefore, that in spite of the stipulation of May 10, 1887, the fees of the referee for his laborious services can be taxed by the surrogate at no greater rate than at the ridiculously inadequate rate of three dollars per day. _