CHARLES A. BURT, APPELLANT, v. ONEIDA COMMUNITY
(LIMITED) AND OTHERS, RESPONDENTS.

*Stipulation that a referee may fix the amount of his fees — valid.*

Upon the trial of an action before a referee a stipulation was signed by the parties, and by their attorneys, "that the referee in this action may fix the amount of his fees without regard to the provisions of the statute." A decision was rendered in favor of the defendant, who, relying upon this stipulation, paid the fees of the referee, as fixed by the referee under the stipulation, which were subsequently taxed.

Upon an appeal from an order, made at the Special Term sustaining such taxation:

*Held*, that the stipulation was sufficient to sustain the taxation of the referee's fees and that the order should be affirmed. (MARTIN, J., dissenting, on the ground that no rate of compensation had been fixed by the stipulation.)

APPEAL by the plaintiff Charles A. Burt from an order, entered in the office of the clerk of the county of Madison on the 15th day of February, 1890, denying a motion for retaxation of costs in the above-entitled action.

Upon the hearing before the referee a stipulation was entered in his minutes to the effect that the referee might fix his own fees ; and thereafter a stipulation was signed by the parties in the following language : "It is hereby stipulated that the referee in this action may fix the amount of his fees without regard to the provisions of the statute. Dated July 10, 1889." This stipulation was also signed by the attorneys of the parties to the action. There was proof that the sum of $500, for referee's fees, had been paid to the referee by the successful party, relying upon the stipulation made by the attorneys and by the parties.

*J. & Q. Van Voorhis*, for the appellant.

*W. G. Tracy*, for the respondents.

HARDIN, P. J. :

I think the facts presented upon the motion for taxation are such that this case is distinguishable from those cases cited in the opinion of Brother MARTIN. Here, in addition to the stipulation entered in the referee's minutes, there is a formal stipulation of the parties confiding to the referee the amount to be charged by him. The parties

acted upon that stipulation; the successful party, having in mind that stipulation when the amount of fees were stated by the referee,. relied upon the stipulation and paid the same to him. It is a familiar principle that a party may waive a constitutional provision or a. statutory provision in his own interest or benefit or protection. Evidently the parties intended that the referee should, in his performance of his duties as referee, be paid such sum as he deemed reasonable for his services as a referee. It is not too much to say that the referee performed the services in reliance upon the stipulation so given. It is not too much to say that the party who paid the sum to the referee after he had fixed it, relied upon the stipulation. The facts and circumstances disclosed are such as to indicate that no public policy was violated either by the referee or by the parties. Under the circumstances disclosed, I hesitate to come to a conclusion that shall disregard the action of the parties and the referee. The party who paid the fees of the referee, having relied on the stipulation of his adversary, it seems to me, ought to be protected by an allowance of the sum so stated, fixed and determined by the referee in accordance with the assent of the defeated party, coupled with the approval of his attorney and counsel.

I do not, therefore, favor a reversal of the order of the Special Term.

MERWIN, J., concurred.

MARTIN, J. (dissenting):

Appeal from an order affirming the taxation of costs by the clerk of Madison county, which included the sum of $500 for referee's. fees. The question on this appeal relates only to that item. There was a stipulation in this case, signed by the parties and their attorneys, that the referee might fix the amount of his fees without. regard to the provisions of the statute. On the taxation before the clerk there was no proof showing the number of days the referee was engaged in the trial of the case or in the examination of it.

Where opposition is made on the taxation of costs to the disbursements for referee's fees, the charge should be supported by affidavit. The number of .days necessarily spent in the business of the reference should be thus shown. The general affidavit of disbursements is not sufficient. (*Shultz* v. *Whitney*, 9 Abb., 71; 17 How., 471;.

*Brown* v. *Windmuller*, 36 Sup. Ct. Rep. [J. & S.], 75 ; 14 Abb. [N. S.], 359 ; *Watson* v. *Gardiner*, 50 N. Y., 671.)

The Code of Civil Procedure provides that a referee is entitled to six dollars for each day spent in the business of the reference, unless a different rate of compensation is fixed by the consent of the parties, manifested by an entry in the minutes of the referee or otherwise in writing. (Sec. 3296.) By the stipulation in this case no rate of compensation was fixed. It was left for the referee to fix his own compensation. The stipulated consent was not in conformity with the statute and was insufficient to justify the clerk in taxing the referee's fees at that amount. (*Bank of Cooperstown* v. *Tamajo*, 77 N. Y., 476.) In the case cited, ANDREWS, J., said : "The agreement to leave it to the referee to make such charge as he deemed reasonable, left the whole subject open and indefinite. It did not fix any rate of compensation. It simply left it to the referee to determine and fix the value of his own services, each party impliedly assenting to be bound by his decision. To hold that the agreement in question was an agreement fixing a rate of compensation would not be justified by any fair interpretation of the transaction. The attorneys in the case, by their agreement, put upon the referee a responsibility which the statute places upon the parties themselves. If, in view of the importance of the case, or the character and standing of the referee, counsel deemed the rate of compensation fixed by the statute to be inadequate, they could agree upon a larger rate. One of the parties to the action would be compelled, in the end, to bear the increased expense of the litigation in consequence of such agreement. It is but just to clients that agreements made by counsel, which may enhance the burden and costs of litigation, should be made upon their judgment and professional responsibility ; and the attempt in this case to impose an indefinite responsibility upon the parties to the action, depending upon the decision and judgment of the referee in a matter in respect to which he had a personal interest, ought not to be sanctioned. The statute wisely, we think, requires a formal written agreement between the parties before either can be subjected to the payment of referee's fees beyond the prescribed rate. There is no ground for questioning the *bona fides* of the counsel or the referee in respect to the transaction. But the question is, whether the agree-

ment made was in conformity with the statute, and we think it was not. The statute making compensation to referees beyond the statute rate, to depend upon a written agreement between the parties fixing such increased rate, is in harmony with the general policy of the law that costs, when allowed, shall be according to a fixed and definite rule, and shall not depend as to amount upon the discretion of any court or officer." The doctrine of the *Tamajo Case* was also recognized in *Mark* v. *City of Buffalo* (87 N. Y., 184, 188), where Judge FINCH said : "In that case we decided that the attorneys could not agree to leave the referee to fix his own rate of compensation, but if an agreement is made at all for a larger rate, it should be made upon the 'judgment and professional responsibility' of the 'counsel,' who 'could agree upon a larger rate.' " (See, also, *Chase* v. *James*, 16 Hun, 14 ; *Estate of Gilman*, 12 Civ. Pro. R., 179.)

It seems to me that the authorities cited clearly establish that the stipulation in this case was invalid, as it did not fix any rate of compensation to be paid the referee ; that the respondent was not entitled to have the referee's fees taxed at the amount allowed by the clerk, and that the Special Term erred in denying the plaintiff's motion. These considerations lead me to dissent from the opinion of my Brother HARDIN in this case.

Order affirmed, with ten dollars costs and disbursements.