GRIGGS *v.* DAY *et al.*

*(Superior Court of New York City, General Term.* May 2, 1892.)

REFEREE'S COMPENSATION—STIPULATION.

    Code Civil Proc. § 3296, providing that a referee shall receive six dollars per day, "unless a different rate of compensation is fixed by consent of the parties," does not authorize a stipulation that the referee may charge such fees "as he deems proper," as this does not fix any definite "rate." *Bank v. Tamajo,* 77 N. Y. 476, and *Mark v. City of Buffalo,* 87 N. Y. 184, followed. *Burt v. Oneida Community,* (Sup.) 12 N. Y. Supp. 800, disapproved.

Appeal from special term.

Action by Clark R. Griggs against Melville C. Day and Daniel E. Garrison, as surviving executors of Cornelius K. Garrison, deceased, for an accounting in respect to matters relating to the construction of a railroad for the Wheeling & Lake Erie Railroad Company. From an order of the special term, sustaining the clerk's refusal to tax certain costs, plaintiff appeals. Affirmed.

For decision on appeal from the judgment, see 11 N. Y. Supp. 888, and 12 N. Y. Supp. 958.

On the taxation of plaintiff's costs, the defendants objected to the item of $7,500, the fee paid to the referee before whom the action was tried. The plaintiff claimed the right to tax said charge, under a stipulation whereby it was agreed "that the referee shall not be limited to the statutory fee of six dollars per day for his services in this case, but may charge such fees therefor as he deems proper." The stipulation was reduced to writing and subscribed by the parties to be charged. The case involved large interests, and was calculated to consume much of the referee's time, and was of such exceptional character that it was next to impossible to determine in advance what a reasonable compensation would be. The referee rendered his services, and the plaintiff paid the sum fixed by the referee in good faith, and in reliance upon the stipulation. There is nothing to show that the charge is unreasonable. On the contrary, the nature of the litigation, the magnitude of the interests, the amount involved, the importance of the case, the voluminous testimony to be considered, the intricacy of the questions presented, all indicate that the sum charged is not extravagant, but fair compensation, commensurate with the labor expended. Indeed, the only objection urged against the charge is that it was not taxable because the stipulation failed to specify any specific rate of compensation. The clerk sustained the objection, and the special term judge, on appeal from the clerk's ruling, affirmed the action of the clerk. From the order of affirmance the plaintiff appeals.

Argued before SEDGWICK, C. J., and McADAM, J.

*R. G. Ingersoll* and *J. H. Post,* for appellant.    *Wm. R. Bronk,* for respondent.

McADAM, J. It is a maxim of the law that that is certain which may be made certain,—*certum est quod certum reddi potest,* (Co. Litt. 43; 1 Bouv. Law Dict. p. 214, subd. 3;) and an agreement that the value of work done shall be fixed by a third person is valid, and the amount so fixed recoverable, (see *Delaware & H. C. Co. v. Pennsylvania C. Co.,* 50 N. Y. 250.) The circumstance that the parties agreed that the value should be fixed by the referee would apparently lead to the conclusion that the sum so fixed was equally obligatory, unless the statutory provision as to referee's compensation, or the judicial nature of the position of referee, make it improper that he should determine the question. Section 3296, Code, provides that a referee shall be paid six dollars for each day spent in the business of the reference, unless a different rate of compensation is fixed by consent of the parties. The court of appeals construed this section in *Bank v. Tamajo,* 77 N. Y. 476, and in *Mark v. City of Buffalo,* 87 N. Y. 184, by holding that the parties could not agree to

leave the referee to decide the measure of his compensation, as that left the subject open and indefinite, and did not fix the different rate authorized by the Code provision before referred to.   It has been urged that the determination of that point was unnecessary to the decision of either of those cases, and the remarks in reference thereto merely *dicta*.   The suggestion is not without reason, yet the proposition decided is so clearly enunciated in the first case, and plainly reiterated in the second, that it would seem almost going counter to our appellate tribunal to hold that that court did not intend to do precisely what it did in language too plain to be misunderstood.   Good faith, however, would seem to require that where parties have deliberately entered into a written stipulation, and one has been induced on the faith thereof to part with $7,500, the other party to the contract should be rigidly held to its terms, for, if not so held in this instance, the respondent must lose $7,500 by the bad faith of the defendants in successfully repudiating their solemn obligation.   None of the cases intimate that the agreement is contrary to public policy, and good morals would appear to require that it, like other contracts, be enforced according to its terms.   It does seem that where parties have, by a written agreement, stipulated that the referee shall fix the amount of his fees, they have expressly waived the statutory limit of six dollars per day, and have substituted a different rate of compensation,—one not fixed by the Code, but equally certain,—because the amount was to be determined in a mode agreed upon by the parties, and which was equally as specific when once fixed as if the exact amount had been specified in the agreement itself.   This view of the law was sustained by a majority of the court in *Burt* v. *Oneida Community*, (Sup.) 12 N. Y. Supp. 806, which would be followed, but for the fact that the rulings made by the court of appeals in the two cases cited are so clearly opposed to the decision in *Burt* v. *Oneida Community*, *supra*, that we feel constrained to respect its construction by affirming the order appealed from, with costs.