By the Court.—McAdam, J.
It is a maxim of the law, that that is certain which may be made certain ; cerium est quod cerium reddi potest (Co. Litt, 43; 1 Bouvier, p. 214, subd. 3), and an agreement that the value of work done shall be fixed by a third person is valid and the amount so fixed recoverable. See Del. & H. C. Co. v. Pa. Coal Co., 50 N. Y., 250. The circumstance that the parties agreed that the value should be fixed by the referee would apparently lead to the conclusion that the sum so fixed was equally obligatory, unless the statutory provision as to referee’s compensation, or the judicial nature of the position of referee, make it improper that he should determine the question.
Section 3296 of the Code, provides that a referee shall be paid six dollars for each day spent in the business of the reference, unless a different rate of compensation is fixed by consent of the parties. The Court of Appeals construed this section in First National Bank v. Tamajo, 77 N. Y., 476, and in Mark v. City of Buffalo, 87 N. Y., 184, by holding that the parties could not agree to leave the referee to decide the measure of his compensation, as that left the subject open and indefinite, and did not fix the different rate authorized by the Code provision before referred to. It has been urged that the determination of that point was unnecessary to the decision of either of those cases, and the remarks in reference thereto merely dicta. The suggestion is not without reason, yet the proposition decided is so clearly enunciated in the first case, and plainly reiterated in the second, that it would seem almost going counter to our appellate tribunal to hold *28 that that court did not intend to do precisely what it did in language too plain to be misunderstood. Good faith, however, would seem to require that where parties have deliberately entered into a written stipulation, and one has been induced on the faith thereof to part with $7,500, that the other party to the contract should be rigidly held to its terms, for if not so held in this instance, the appellant must lose $7,500 by the bad faith of the defendants in successfully repudiating their solemn obligation. None of the. cases intimate that the agreement is contrary to public policy, and good morals would appear to require that it, like other contracts, be enforced according to its terms. It does seem that where parties have by a written agreement, stipulated that the referee shall fix the amount of his fees, they have expressly waived the statutory limit of six dollars per day, and have substituted a different rate of compensation, one not fixed by the Code, but equally certain, because the amount was to be determined in a mode agreed upon by the parties, and which was equally as specific when once fixed as if the exact amount had been specified in the agreement itself.
This view of the law was sustained by a majority of the court in Burt v. Oneida Community, 59 Hun, 234; S. C., 36 State R., 765; 20 Civ. Pro. R., 167, 12 N. Y. Supplt., 806, which would be followed, but for the fact that the rulings made by the Court of Appeals, in the two cases cited, are so clearly opposed to the decision in Burt v. Oneida Community, supra, that we feel constrained to respect its instruction by affirming the order appealed from, with costs.
Sedgwick, Ch. J., concurred.