GILDERSLEEVE, J.
The report of the referee herein should be modified as follows : First, by reducing counsel fee on reference from $75 to $50; second, the stipulation entered into in respect to referee’s fees is too indefinite to be operative. No stipulation can suspend the operation of the statute, except it provides for a specific sum (Griggs v. Day, 18 N. Y. Supp. 796; Nat. Bank of Cooperstown v. Tamajo, 77 N. Y. 476). The affidavit of the referee states that he spent twelve days in the business of the reference. The compensation fixed by the statute is $6 per day, unless a different rate of compensation is fixed by consent or order (Code, § 3296). It therefore follows that the referee is entitled to $72. His fee must be reduced from $150 to $72.
By chapter 185 of the Laws of 1892, section 3256 of the Code of Civil Procedure was amended by providing that stenographer’s fees for minutes of testimony before a court, judge or referee could be included in the taxable costs; but this chapter of the .Laws of 1892 is clearly abrogated by a subsequent chapter, to wit, chapter 592 of the Laws of 1892, which also amends section 3256 of the Code but leaves out the provision for stenographer’s fees, although it does not specifically repeal chapter 185 of the Laws of 1892. Hence I know of no authority that au *146 thorizes the stenographer’s fees to be taxed as á disbursement in this proceeding against the opposition of counsel (43 Hun, 154).
It therefore follows that the sum reported by the referee as stenographer’s fees must be disallowed. The aggregate damages sustained by the defendant must be held to be $172.
Thus modified the report of the referee is confirmed.
Note on the Statutory Construction Law of 1892, being Chapter I. of the proposed general laws of this State, now in course of preparation and enactment.
I. Implied amendments and Repeals.
Tlie case in the text is an instance of the frequently occurring question how an amendment or repeal of an eariier statute affects an intermediate amendatory statute not noticed in the later statute.
The principle adopted by .the Repealing Act of 1877, which accompanied the first part of the Code of Civil Procedure, was (L. 1877, p. 575, § 2) that the repeal thereby of a part of the Revised Statutes or the Code of Procedure should effect also a repeal of so much of any existing law as expressly amended the same by adding to or altering the text, but in the case of other laws, the repeal thereby of any provision which had been amended by a subsequent provision not also expressly included in the repeal, should not affect the subsequent provision.
The General Statutory Construction Law of 1892, (2 L. 1892, pp. 1491, 1492), contains several provisions of importance in this connection ; but it must be confessed that by these provisions, as well as by others in the same act, the subject attempted tó bé'regulated is left in some obscurity. Revivor by repeal of repealing act is abolished. The provisions as to implied repeal are as follows ;
“§31. Limiting the effect of repealing statutes.—The repeal hereafter or by this chapter of any provision of a statute which repeals any provision of a prior statute, does riot revive such prior provision. The repeal hereafter or by this chapter of any provision of a statute, which amends a provision of a prior statute, leaves such prior provision in force unless the amendatory statute be a substantial *147 re-enactment of the statute amended. [Saving'clause as to rights accrued and proceedings pending here follow:]-
*146 See note in 25 Abb. N. C. 38.
*147 “§33. Effect of revision upon laws passed at same session or before revision takes effect.—No provision of any chapter of the revision of the general laws, of which this ■chapter- is a part, shall supersede or repeal by irrtplication any law passed at the same session of the legislature at which any such chapter was enacted, or passed after the' ■enactment of any such chapter and before it shall have ¡taken effect; and an amendatory law passed at such session ■or at any subsequent session begun before any such chapter takes effect, shall not be deemed repealed, unlessspecifically ■designated in the repealing schedule of such chapter.
“§32. Existing laws included in revision not to be construed as new enactments.—The provisions of any chapter of the revision of the general laws, of which this chapter is a part, so far as they are substantially the same as those of laws existing at the time such chapter take's effect, shall be construed as a continuation of such laws, modified or amended according to the language employed-in such provisions, and not as new enactments. References in laws not repealed to provisions of law which are in cot? porated into any such chapter and repealed shall be construed as applying to the provisions so incorporated.”
II. How far does the Statutory Constructio?i Law affect the construction of other instruments than statutes ?
This law purports to be a body of provisions'defining the meaning of certain words and phrases used in11 the statutes of .this State. It, however, contains important provisions which expressly go beyond the statutes and apply to contracts, and, in some cases to all instruments. The, rule that a statute may be interpreted by a reference' to its title is not sufficient (except in the case of a local ‘or private act,) to prevent express provisions from having' effect according to their clear meaning merely for the reason that their scope transcends the title.
Let us consider, therefore, the most important provisions' of this chapter, both as affecting statutory construction,' and as affecting the construction of contracts and other' instruments, and the rights and liabilities of parties.
Time. The provisions as to the year.and fractions of the' year, are doubtless applicable by analogy'if not literally, td contracts, etc. ' ' -
As Ksy months, the first clause of section 26,' declaring the calendar not the lunar month to be always intended, ex- *148 pressl-y applies to contracts and other instruments. It, with other provisions as to Time, was taken from the Revised Statutes, where these rules were more appropriately placed as general laws than as mere rules of statutory construction.
The residue of section 26 adopts the rule in Migotti v. Colville, 4 C. P. D. 233. It is as follows :
26. . . . A number of months after or before a certain day shall be computed by counting such number of calendar months from such day, exclusive of the calendar month in which such day occurs, and shall include the day of the month so counted having the same numerical order in days of the mouth as the day from which the computation is made, unless there be not so many days in the last month so counted, in which case the period computed shall expire with the last day of the month so counted.’’
Section 2,7, as to Days, seems to be new.
It is not expressly applicable to contracts and other instruments, as the section relating to “ month ” is. Nor is the definition of “ holiday *’ and “ half-holiday ” given in section 24. Section 27 is as follows :
“ Day ; mode of computing days ; night-time.—A calendar day includes the time from midnight to midnight. Sunday or any day of the week specifically mentioned means a calendar day. A number of days specified as a period from a certain day within which or after or before which an act is authorized or required to be done, means such number of calendar days exclusive of the calendar day from which the reckoning is made. Sunday or a public holiday1, other than a half-holiday, must be excluded from the reckoning if it is the last day or an intervening day. of any such period of two days. In computing any specified number, of days, weeks or months from a specified event,, the day upon which the.event happens is deemed the day from which the reckoning is made. The day from which any specified number of days, weeks or months of time is reckoned shall be excluded in making the reckoning.
“ Night-time includes the time from sunset to sunrise.” And Code Civ. Pro. § 788, prescribing the familiar rule of excluding the first and including the last day in computing the time within which an act to be done in legal proceedings, is repealed.
For-the common law rule as to computation of periods of time mentioned in contracts, see Salter v. Burt, 20 Wend. 205 ; Dorsey v. Pike, 46 Hun, 112.
Standard Time, viz., that of 75 degrees west from Greenwich, is prescribed for all courts and officers and legal pro *149 ceedings by section 28, taken from L. 1884, p.22, c. 14, but this section is not expressly made applicable to contracts.
Seals. (§ 13.) This is one of the provisions, the scope of which will be very different, according as to whether it is regarded as a rule of statutory construction, or a general rule applicable to contracts and other instruments generally. If it is to be regarded as simply a rule of statutory const ruction, it only applies to seals expressly required by the terms of some statute. Under this view, the word “seal ” or the letters “ L. S.” will be a seal within the statute of limitations (§ 381 Code Civ. Pro.) • and also upon executory instruments, so far as to make them only presumptive evidence of consideration (§840 Code Civ. Pro.) But there is no statutory rule making a seal upon a general release or other executed instrument conclusive evidence of consideration. The new rule will apply to conveyances of real property, etc., which .are required by law to be under seal (x R. S. 738, ■§ 137). But the rule that an instrument under sea l is not negotiable is not statutory. Nor is the rule that, in an action on an unsealed instrument the real party in interest may be charged, whereas in an action on a sealed instrument it is the party to the instrument and not some other one whom he represented, who is to be charged, a statutory rule ; it is a common law rule.
It remains, therefore, to-be seen whether the courts will hold that the definition of a seal is changed for all purposes in this State, thus bringing our law nearly into harmony with that of most western States—or whether this is only a definition for statutory purposes, leaving the common law meaning unchanged.
Until this question is settled, the careful practitioner will continue to use the common law seal on all instruments, the effect of sealing which does not depend on any statute.
It is to be observed, too, that the new statute does not .sanction the scroll which is used in many western States.
Section 16 as to bonds, making an undertaking equivalent to a bond, is expressly confined to the case of bonds “ authorized by a provision of law.” It is a curious illustration of the difficulty of framing definitions, that this section in terms applies to bonds authorized to be issued by municipal corporations, railroad companies and the like. It was obviously intended to refer only to bonds required by law as a condition of some authority or privilege. It has heretofore been held that an undertaking, or other obligation without seal, is not a compliance with a statute or order of court requiring a bond, or requiring security (1 Abb. N. Pr. & F. 61, 67, 462), This statute wilt practically result *150 „in shortening the limitation of actions, and thus protecting; 'sureties of public officers, etc.
Whether a general rule of court requiring a bond will be regarded as ti “ provision of law ” remains to be seen, (see for instance Rule 57).