majority opinion places the plaintiff in precisely the same position as though he had asked for a stay or suspension. The effect of such a decision. is to encourage loose practice. If the defendant had appealed from the conditions as oppressive without asking for a stay or suspension, and had been defeated upon his appeal, he would certainly have lost his right to a new trial. He would not thereafter be permitted to fulfill conditions which he had deliberately rejected. It seems to me that what would be a fair rule for the one should be a fair rule for the other. The plaintiff deliberately rejected the terms, asked no suspension of the order, and relied entirely upon his appeal. He does not say that his neglect to apply for a stay or suspension was inadvertent, and ask to be relieved. On the contrary, he demands the terms once rejected, and demands them as his right. My brethren apparently think he is entitled to them as matter of right, seemingly, however, upon a different theory from that upon which the special term acted. They treat the terms, namely, the costs and bond, as in the nature of a debt due by the defendant to the plaintiff. With great respect, I think this view as mistaken as that of the special term. The correct view of the matter is that the court granted the defendant a new trial upon certain terms and conditions. These terms and conditions were not a debt or obligation of his to the plaintiff, such as could only be satisfied by payment or extinguished by a release under seal. They were independent of any real obligation as between the parties, and were imposed by the court without regard to any such obligation. The defendant could fulfill them or not, as he pleased. The plaintiff could take them or leave them, as he pleased. It pleased the defendant to fulfill them. It pleased the plaintiff to reject them. And now, without a suggestion of an excuse for the plaintiff's failure to apply for a stay or suspension upon the appeal, the court wipes out both the fulfillment and the rejection, compels the defendant to fulfill over again, and gives the plaintiff the privilege of rejecting or accepting over again.

This seems to me to be purely arbitrary. Certainly, no rule of law or practice has been found to sustain it; and it establishes a dangerous precedent.

---

(26 Misc. Rep. 599.)

### BORMAY v. VAN NESS et al.

(Supreme Court, Trial Term, New York County. March 15, 1899.)

COSTS IN DISBARMENT PROCEEDINGS—STENOGRAPHER'S FEES.

Where both parties in a proceeding to disbar an attorney, in which a reference is made, consent to a third person acting as stenographer, and both accept copies of the notes of the testimony, knowing that the stenographer looks to them for payment of his fees, and the proceedings are dismissed, with costs and disbursements, but the court does not order the county to pay the same, both parties are liable for the stenographer's fees, whether both can obtain reimbursement from the county, or whether defendant therein can recover such fees as disbursements from the other party.

Action by Mary E. Bormay against John V. Van Ness and another. Judgment for plaintiff.

Coleman & Donohue, for plaintiff.
C. N. Ironsides, for defendant Waldron.
John V. Van Ness, in pro. per.

McADAM, J. The action is to recover fees earned by taking stenographic notes of evidence in a proceeding instituted by the defendant Waldron to disbar the defendant Van Ness. Mr. William F. Bonynge, the plaintiff's assignor, was selected to act as stenographer by the consent of both defendants. He took notes of the testimony, furnished one copy to the referee, and one to each of the defendants. They accepted the stenographic services, knowing that Bonynge, the stenographer, expected compensation therefor from them. Indeed, the defendants were the only persons who benefited by his services, and to whom he could look for pay. These circumstances sufficiently establish an employment. Harry v. Hilton, 11 Daly, 232; Coale v. Suckert, 18 Misc. Rep. 76, 41 N. Y. Supp. 583; Nealis v. Meyer, 21 Misc. Rep. 344, 47 N. Y. Supp. 156; Thornton v. Tuttle, 20 Abb. N. C. 308; Ryan v. Rand, Id. 315; Varnum v. Wheeler, 9 Civ. Proc. R. 421. The defendants insist that this rule applied only to ordinary references, and not to one ordered in a proceeding to disbar an attorney, which is of a public nature, and quasi criminal, and that in such case the expenses must be paid by the county; citing Code Civ. Proc. § 68; In re Brewster, 12 Hun, 110; In re Kelly, 59 N. Y. 596; In re Attorney, 83 N. Y. 166; In re Orton, 54 Wis. 380, 11 N. W. 584; In re V———, 10 App. Div. 513, 42 N. Y. Supp. 268. These authorities certainly show that discretionary power is conferred upon the appellate division to "make an order directing the expenses of such proceedings to be paid by the county," etc.; but the power is not mandatory, to be exercised under any and all circumstances, but judicial, to be exercised as justice requires. In Re Kelly, supra, the court, instead of directing the county to pay, determined that the proceeding was instituted in bad faith, and directed that the applicant pay all the costs and disbursements incurred by way of indemnity to the injured party, and the order was sustained upon appeal. In the present instance the court did not direct the county to pay, but dismissed the proceedings with $50 costs and disbursements, evidently deeming this a sufficient indemnity to the successful party therein without mulcting the county with the expense. Whether Van Ness can ultimately recover from Waldron, as part of his necessary disbursements, whatever sum he may be required to pay to the plaintiff, is matter of no concern whatever to her. She has no claim for services against the county, and no means whatever of obtaining an order directing the county to pay. She must look to the defendants as of course, and they must respond whether they obtain reimbursement or not. There must be judgment in favor of the plaintiff for $918.25, with $164.55 interest; aggregating $1,077.80.