## SHEPARD L. SHELDON *vs.* GEORGE RISEDORPH.

### April 16, 1877.

*Authority of Attorney to Protect Judgment.*—The attorney of a judgment creditor is, while his authority to enforce and collect the judgment continues, authorized to act for his client in protecting and retaining the judgment against any proceeding in the same action to avoid it, and notice of such proceeding should be served on him.

*District Court may Excuse Non-compliance with its Rules.*—Upon an application addressed to the discretion of the court below, the court may disregard any failure to comply with its rules governing such applications.

Order Granting Leave to Answer after Default—Sufficiency of Proposed Answer.— Where the court below grants a defendant leave to answer, in a case within its discretion, this court cannot reverse on the ground that the proposed answer is insufficient, unless the insufficiency is such that, had the answer been served in time, it would have been struck out on motion.

Appeal by plaintiff from an order of the district court for Sibley county, *L. M. Brown*, J., presiding, opening a judgment entered on default, and permitting the defendant to answer. At the hearing of the motion the. plaintiff's attorney appeared specially and objected to the hearing of the motion, on the ground that the motion papers were served upon him, and not upon the plaintiff, and that, at the time of service, he was not the attorney for the plaintiff. The judgment was entered on October 27, 1876, and the notice of motion to open it was served December 18, 1876.

*S. & O. Kipp*, for appellant.

*J. F. Walsh*, for respondent.

GILFILLAN, C. J. Appeal from an order setting aside a judgment entered against defendant upon his failure to answer, and granting him leave to answer. The motion was made about two months after the entry of judgment, upon a notice of motion, proposed answer, and affidavit excusing the failure to serve the answer in time, and swearing to merits, all of which were served on plaintiff's attorney.

The plaintiff insists, *first*, that the motion papers were not properly served, because the authority of plaintiff's attorney to act for his client, except only to enforce the judgment, ceased upon the entry of judgment; *second*, that the affidavit of merits is not in the form prescribed by the rules; *third*, that the answer is insufficient.

The authority of an attorney, by reason of his general retainer to prosecute or defend, determines upon the entry of judgment against his client. *Berthold* v. *Fox*, 21 Minn. 51. But, upon judgment in favor of his client, the statute continues his authority for a time, for the purpose of enforcing or collecting the judgment. While this authority con-

tinues, it implies and includes authority to act for his client in protecting and retaining the judgment against any proceeding in that action to avoid it. He is, therefore, the proper person upon whom to serve notice of such proceeding.

The granting of an application of this kind rests in the sound discretion of the court below, which cannot be reviewed unless there is an abuse of it; and in an application addressed to it, not as a matter of strict right, but as a matter of discretion, it may excuse a party from formal compliance with its rules. That, on such an application, is as much matter of discretion as anything in the application. The court below might, had it seen fit, have denied the motion because of the defect in the affidavit of merits; but it saw fit to disregard the defect, and its action is final.

To justify a reversal of an order granting leave to answer, on the ground that the proposed answer is insufficient, the insufficiency must be such that, had it been served in time, it would have been struck out on motion. If the proper mode of testing its sufficiency would be by demurrer, and not by motion to strike out, the court below may allow it to be served. The answer in this case could not have been struck out on motion.

Order affirmed.