JOHN J. SCHOREGGE and another *vs.* BISHOP GORDON and others.

## August 18, 1882.

**Attorney-at-Law—Authority and Liability under Usual Retainer by Non-resident Client.**—An attorney employed to enforce and collect a judgment for a non-resident client will be deemed vested, by virtue of his employment, with reasonable discretion in the selection and use of the ordinary means and remedies necessary for the accomplishment of such object. He will be answerable to his client in damages for any abuse of his trust, and the consequences of his negligence, ignorance, or indiscretion. But where he simply adopts a remedy which the law provides, or resorts to customary expedients or means to secure and collect the debt, his acts should not ordinarily be permitted to prejudice public officers and others, who are entitled to regard him as the adviser and representative of his client.

**Same—Power to Bind Clients by Bond of Indemnity to Sheriff after Judgment—Invalid Bond held Valid as an Undertaking.**—Where an attorney for foreign clients, plaintiffs in execution, executed in their name, and for them, (but without express authority,) an instrument under seal indemnifying a sheriff against the claim of a third party to property in the possession of the judgment debtor, levied on by him, and which indemnity was necessarily required in order to preserve and continue the levy in their behalf, *held*, (1) that the seal being unnecessary to its validity, the instrument might stand, and be valid as an undertaking under the statute; (2) that there being in this case no reason to question the good faith of the attorney, or the exercise of reasonable prudence and discretion on his part, it is not considered that he transcended the limits of his implied authority in the premises. *Clark* v. *Randall,* 9 Wis. 135, approved.

Appeal by defendants from an order of the district court for Redwood county, *Cox,* J., presiding, refusing a new trial. The case is stated in the opinion.

*Seagrave Smith* and *A. Wallin*, for appellants.

The authority of an attorney, in whose hands a claim has been placed for collection, ceases after judgment has been entered, except for the purpose of receiving payment in full and satisfying the judgment within two years. *Hinkley* v. *St. Anthony Falls Water Power Co.*, 9 Minn. 44, (55;) *Berthold* v. *Fox*, 21 Minn. 51; *Kronschnable* v. *Knoblauch*, 21 Minn. 56; *Brackett* v. *Norton*, 4 Conn. 517; *Nolan* v. *Jackson*, 16 Ill. 274; *Nelson* v. *Cook*, 19 Ill. 440; *Trumbull* v. *Nicholson*, 27 Ill. 148; *Ireland* v. *Todd*, 36 Me. 149; *Jackson* v. *Bartlett*, 8 John. 361; *Jackson* v. *Bush*, 10 John. 223; *Beardsley* v. *Root*, 11 John. 464; *Ford* v. *Williams*, 13 N. Y. 577; *Lewis* v. *Gamage*, 1 Pick. 347; *Erwin* v. *Blake*, 8 Pet. 18; Wharton on Agency, §§ 559, 580, 582.

*Brown & Wiswell* and *William Schoregge*, for respondents.

VANDERBURGH, J. The defendants McCormick, who were partners using the firm name of C. H. McCormick & Bro., prosecuted as plaintiffs an action in the district court of Renville county, through their attorney, M. O. Little, Esq., against one Henry Schoregge, and duly recovered judgment therein on the 17th day of February, 1874. On the third of March following, the same attorney caused an execution, signed by him as attorney for them, to be issued upon the judgment to James Arnold, sheriff of the county, who proceeded to levy upon certain chattels as the property of the judgment debtor. Thereupon the present plaintiffs herein claimed and duly demanded the property as theirs. The sheriff having required indemnity under the statute, the attorney of the plaintiffs in execution, in their name and behalf, together with defendant Gordon, executed an instrument in the nature of an undertaking, but under seal, and delivered it to the sheriff. The following is a copy:

"Whereas, James Arnold, sheriff of Renville county, Minn., has levied upon and seized, and is about to sell, the following-described property, to satisfy an execution in the above-entitled action, as the property of said defendant, to wit, three cows, one three-year-old steer, and one two-year-old steer, and two yoke of oxen; and whereas, William Schoregge and John J. Schoregge claim to own said property: Now, therefore, the undersigned agree hereby to bind ourselves

to indemnify and protect the said sheriff from all costs, harm, and expense against said William and John J. Schoregge, by reason of said levy and sale of said property.

"Witness our hands and seals this 14th day of March, 1874.

"C. H. McCormick & Bro., [Seal.]

Per Little, their attorney,

"Bishop Gordon. [Seal.]"

The claimants, John and William Schoregge, having recovered judgment against the sheriff in a suit against him for the value of the property, he brought this action upon this instrument, and these plaintiffs have been duly substituted for him as parties. There is no evidence of any direction or express authority to their attorney by McCormick & Bro. to execute the writing for them; the sole question being as to the extent of his implied authority to act for them as their attorney and representative, it being admitted that they were non-residents of this state. At the trial the defendants requested the court to instruct the jury, among other things, that "if the jury find from the evidence that the bond in suit was signed by M. O. Little, Esq., as attorney of the McCormick Bros., as it purports on its face to be signed, and that said M. O. Little had no authority to sign the instrument other than such as is implied in an attorney's retainer, then McCormick Bros. are not bound, and * * * the bond is void as to them." Which request the court refused, but did charge that the attorney had "the implied authority" by virtue of his retainer alone "to sign his clients' name to a bond of indemnity whereby he secured his clients' claim." The questions raised by the defendants' exception to this ruling and instruction of the court are the only ones requiring our attention.

1. It was of no importance that the instrument was sealed. The law did not require it. Gen. St. 1878, c. 124, § 3. If otherwise valid, it may stand and be sufficient as an undertaking. "If an act be done that a party may do without deed, it is none the less effectual that it is done by deed." *Tapley* v. *Butterfield*, 1 Met. 515; *Dickerman* v. *Ashton*, 21 Minn. 538.

2. It is objected that the partnership name was used. It was a partnership matter in a partnership suit, and the undertaking was

v.29—24

valid as a simple contract if the attorney was authorized to make it. *Russell* v. *Annable*, 109 Mass. 72, cited by appellant, has no application here. In that case the law required a bond, and the objection was that one partner could not, without express authority, bind the firm by a sealed instrument.

3. While the judgment creditors might have employed another attorney to enforce the judgment without any formal substitution or notice, (*Knox* v. *Randall*, 24 Minn. 479,) the attorney of record, in the absence of any new appointment of himself or another to act, had implied authority to proceed to issue execution, and to enforce and collect the judgment, without any fresh retainer or direction from his client. *Sheldon* v. *Risedorph*, 23 Minn. 518. Again, independently of his former relation to his clients, it will not be presumed that Little continued to act for them after judgment without authority, but the contrary. *Berthold* v. *Fox*, 21 Minn. 51; *Gemmell* v. *Rice*, 13 Minn. 400.

4. Having authority to proceed to the enforcement and collection of the judgment, was he also authorized to bind his absent clients by this instrument without their express direction or consent? It must be assumed from the record that the levy was made by the sheriff in good faith, upon property in the possession of the judgment debtor and colorably his, and that the proper demand was made upon him by the claimants under the statute. It is also to be presumed (nothing appearing to the contrary) that the attorney acted in good faith and with reasonable discretion in seeking to retain the levy, and secure his client's claim. The sheriff, under such circumstances, would naturally notify him of the demand and of the necessity for the required indemnity, and look to him for direction in the premises. At the time of the demand, neither the sheriff nor attorney had incurred any liability by reason of the levy. *Barry* v. *McGrade*, 14 Minn. 163. But, after the proper statutory demand, the sheriff might abandon the levy unless his request for indemnity was complied with, however lawful or proper it may have been.

The effect of the statute which is thus interposed for the sheriff's protection is quite material in the consideration of this case. As the result of it, when the exigency arises, unless the plaintiff in execu-

tion, or some one in his behalf, actively intervene, he may lose the benefit of a valid levy. The execution of the required instrument of indemnity in this case was, therefore, directly in the line of proceedings for the collection of the judgment, and was doubtless considered by the attorney beneficial to his clients. Under such circumstances, we are of the opinion that his acts in the matter of the execution of the undertaking should not be deemed to be beyond the scope of his employment. *Clark* v. *Randall*, 9 Wis. 135; Wharton on Agency, §§ 585–9; *Moulton* v. *Bowker*, 115 Mass. 36; Weeks on Attorneys, § 218; *Nelson* v. *Cook*, 19 Ill. 440; *Gorham* v. *Gale*, 7 Cow. 739; *Union Bank* v. *Geary*, 5 Pet. 99; *Newberry* v. *Lee*, 3 Hill, 523; *Oestrich* v. *Gilbert*, 9 Hun, (N. Y.) 242; *Jenney* v. *Delesdernier*, 20 Me. 183. The attorney is answerable to his clients in damages for any abuse of his trust, or the consequences of his ignorance, negligence, or indiscretion; but he is no more likely to abuse his discretion in a proceeding of this kind than in many others of equal importance in the progress of the suit. And, to offset the liability so incurred, the execution creditors will retain the fruits of the levy. The "undertaking" provided for by the section of the statute under consideration—Gen. St. 1878, c. 66, § 154, (which is a transcript of N. Y. Code, § 216,)—need not be executed by the plaintiffs in the suit personally. 1 Wait's Practice, 743–4.

In *Clark* v. *Randall*, *supra*, which only differs from this case in that the attorney gave his own bond of indemnity to the officer, the court held that his non-resident clients were bound to reimburse him for damages recovered against him on the bond, and that, under the circumstances of his employment for a foreign or absent creditor, providing indemnity was fairly within the scope of his authority, and among the usual and necessary means for accomplishing the object for which he was employed. We believe the doctrine of that case to be sound and reasonable.

We have not omitted to consider the distinction between the power and authority of an attorney before and after judgment. We believe, however, that this distinction is less marked than formerly, in view of the remedies which may be employed after judgment, (such as garnishment, supplementary proceedings, etc.,) and the extent

and variety of the services which may be required to secure and collect the same. If he is employed for such purpose, he must be deemed vested with reasonable discretion in the selection and use of remedies to accomplish the object in view. An exigency arising in the absence of his client, requiring the exercise of his discretion, it may be his duty to act as he would advise his client to act if present; and when he simply adopts a remedy which the law provides, or uses customary expedients or processes to secure and collect the debt, his acts should not be permitted to prejudice public officers and others who are entitled to regard him as the adviser and representative of his client. *Jenney* v. *Delesdernier, supra,* 191; *Wieland* v. *White,* 109 Mass. 392; Wharton on Agency, § 589. In *Butler* v. *Knight,* L. R. 2 Exch. 109, 113, the court said that it would be mischievous to hold "in any case where evidence existed of the relation of attorney and client having been continued or recreated, (after judgment,) that the attorney had not authority to act according to the exigency of the case."

The language of the court in its charge was, perhaps, too broad as the statement of a general rule. But, upon the admitted facts in this case, we feel warranted in sustaining the attorney's authority and the validity of the instrument.

Order affirmed.