Miller v. Palmer.

---

## Miller v. Palmer.

[No. 3,219. Filed October 11, 1900.]

Stenographer.—*Action for Services.*—A litigant is not released from liability to a court reporter for copies of the evidence furnished him during the trial by such reporter by reason of the fact that he did not know that the services performed for him were such as were to

Miller *v.* Palmer.

be paid for in addition to her pay as reporter, since the duties of an official court reporter are fixed by statute, of which the litigant must take notice. *pp. 360, 361.*

ATTORNEY AT LAW. — *May Bind Client for Services of Stenographer.*—An attorney having general control of the trial of a cause may bind his client to pay for copies of the evidence furnished by a stenograper for use in the trial of such cause. *pp. 361-363.*

EVIDENCE.—*Attorney and Client.*—In an action by a court reporter for services rendered in furnishing a litigant copies of evidence to be used in the trial of his cause, evidence as to the amount such litigant paid his attorney as tending to show that the attorney was to pay for such services was properly rejected, since any agreement between defendant and his attorney relative to compensation, unknown to plaintiff, could not affect her claim. *pp. 363, 364.*

SAME.—*Privileged Communications.—Attorney and Client.*—In the trial of an action by a stenographer for services rendered in furnishing copies of evidence used in the trial of a cause, evidence by an attorney, who was acting as clerk for defendant's attorney in arranging and digesting the evidence, that defendant was present in court when the copies of the evidence were furnished and used, is not privileged. *pp. 364, 365.*

INSTRUCTIONS.—*Harmless Error.*—Where the verdict is right under the evidence, the cause will not be reversed because of an instruction given, which, when considered alone, was incorrect. *pp. 365, 366.*

From the Boone Circuit Court. *Affirmed.*

*P. H. Dutch* and *W. A. Dutch,* for appellant.
*C. M. Zion* and *Palmer & Palmer,* for appellee.

COMSTOCK, J.—Appellee sued appellant for services rendered in transcribing and furnishing copies of evidence used by attorneys of appellant in a certain suit in which he was plaintiff, for which she alleges he is indebted to her in the sum of $100 and interest from April 1, 1899; that the services were rendered at his request, for his use and benefit, and for which he promised to pay. Appellant answered by general denial. A trial resulted in a verdict and judgment in favor of appellee for $100."

This cause is before the court for the second time. The former appeal is reported as *Palmer v. Miller,* 19 Ind. App. 624. The judgment was then reversed upon the ground that under the evidence the appellant (now appellee) was en-

titled to recover. The court also held that a recovery might be had upon proof of an implied promise, although the complaint averred an express one.

The error now assigned is the action of the court in overruling appellant's motion for a new trial. The reasons set out in the motion are the giving and refusing to give certain instructions and the admission and refusing to admit certain evidence. Appellee insists that the record does not show the filing of what purports to be the bill of exceptions containing the evidence, and that the greater number of questions argued by counsel for appellant are therefore not presented. In our opinion, the record shows a compliance with the act of the General Assembly approved March 3, 1899 (Acts 1899, p. 384). Under that act, the bill of exceptions containing the evidence is in the record.

Counsel for appellee also earnestly contend that the exceptions to the instructions are not properly reserved. Without passing upon this claim of appellee, we have in this opinion treated the questions discussed as properly presented.

The questions raised will be considered in the order in which they are discussed by appellant's counsel. Appellant requested the court to give the following instruction: "The court instructs the jury that they should take into consideration all the evidence given upon the trial to consider all the facts and circumstances shown by the evidence. The condition of the defendant, his knowledge of the matters alleged in the plaintiff's complaint, and if you believe that copies of the evidence alleged to have been furnished by the plaintiff were used by the attorney or attorneys of the defendant, and if you further believe that the defendant knew that such copies were furnished by the plaintiff at the time they were being used, and were being used for the defendant's benefit and with his consent, then it would be your duty to find for the plaintiff; but upon the other hand

if you believe from the evidence that the defendant did not know that such copies were furnished by the plaintiff, and he was not present at any time when said copies were furnished from time to time, and did not request plaintiff to furnish said copies, then you should find for the defendant unless you find that there was an express agreement entered into by and between the plaintiff and defendant to furnish said copies as alleged in plaintiff's complaint." The court modified the instruction by the insertion of the words "at any time" after the word "present." To this modification appellant excepted. This action of the court is made a reason for a new trial.

In support of this exception, counsel for appellant insist that the charge as requested announced the rule of law laid down in the case upon the former appeal, and that the modification changed its meaning. That as modified it said to the jury that if the defendant was present once during the trial when copies of the evidence were furnished, whether he saw the copies used or not, or whether they were used in his presence or not, then he would be liable, because it would be held to have been done with his knowledge or consent. In view of the fact that the evidence shows that the trial lasted for many days, that copies of the evidence were furnished to appellee's counsel from time to time and constantly used in his presence, that he knew at the time that no one but the reporter could furnish them, we are of the opinion that the appellant could not have been harmed by this instruction, even if it were error to make the modification.

The ninth reason for a new trial is the action of the court in refusing to give the following instruction requested by appellant: "The court instructs the jury that in determining whether the defendant expected that the services alleged to have been rendered by the plaintiff were to be paid for by defendant, you may take into consideration, together with the other evidence given upon the trial, the fact, if shown by the evidence, that the plaintiff was an official reporter of

the court in which the cause was being tried in which she alleges that she furnished the copies described in her complaint, and whether the defendant knew that the services alleged to have been performed by plaintiff were such services as were to be paid for in addition to her pay as such court reporter to be paid for by the parties to said action." In this there was no error. The duties of the reporter are defined by statute, of which the litigant must take notice. The instruction is based upon the erroneous theory that unless the defendant knew that the services performed by the reporter for him were such as were to be paid for in addition to her pay as reporter, he would not be liable.

The tenth reason for a new trial is the giving of instruction number one, asked by the appellee. To this instruction objections are made (1) that while it attempts to state, it does not correctly state the averments of the complaint; (2) that it is in conflict with the instruction given by the court on its own motion. These objections are not well taken. They are not sustained by the record.

The twelfth and thirteenth reasons for a new trial relate to the same question—the refusal of the court to permit appellant to testify that he never employed nor authorized his attorney to employ the appellee. It is claimed in appellant's brief that appellee testified that appellant had authorized her employment by his attorneys. No reference is made to any part of the record where such evidence is to be found, and we find none. If an attorney having general control of a cause has authority by virtue of such relation to bind his client for the value of copies of evidence furnished by a stenographer and used in the cause, the client would be liable in the absence of special authority, and he would still be bound, notwithstanding he was ignorant of the employment of the stenographer. The authority of the attorney under the evidence in this cause is the controlling question presented.

In *Harry* v. *Hilton,* 64 How. Pr. 199, it is held that a

client is responsible for stenographer's fees in proceedings in a case where such stenographer is employed by attorneys to take the minutes, the court saying: "These cases introduce no new rule in the law regarding contracts, but simply enforce on old one. Their significance, however, lies in the fact that in the decision of these cases, the courts assume that such action upon the part of the attorney is presumably within the scope of the authority conferred upon him, when he is retained by his client, and that the attorney has the right to bind his client for any service which may be necessary and proper not only for the preparation of the case for trial, but for the convenient conduct of such trial, and the proceedings thereafter taken." Citing *Covell* v. *Hart,* 14 Hun 252, and *First Nat. Bank* v. *Tamajo,* 77 N. Y. 476.

In *Williamson-Stewart, etc., Co.* v. *Bosbyshell,* 14 Mo. App. 534, it is held that an attorney has implied powers to bind his client by a contract for the printing of briefs for use in an appellate court.

In *Moulton v. Bowker,* 115 Mass. 36, the court held that an attorney at law has authority by virtue of his employment as such to do in behalf of his client all acts in and out of court necessary or incidental to the presentation and management of the suit which affect the remedy only and not the cause of action. See *Clark* v. *Randall,* 9 Wis. 128; *Nelson* v. *Cook,* 19 Ill. 440, 453; *Newberry* v. *Lee,* 3 Hill 523; *Oestrich* v. *Gilbert,* 9 Hun 242; *Jenney* v. *Delesdernier,* 20 Me. 183, 191; *Schoregge* v. *Gordon,* 29 Minn. 367, 13 N. W. 194.

In *Thornton* v. *Tuttle,* 20 Abb. N. Cas. 308, it is held that the attorney for a party to an action has implied authority to bind his client by the employment of a stenographer to take and write out the testimony of witnesses upon a reference of a special issue. In commenting upon the testimony, the court say: "The plaintiff Thornton says he had no knowledge, and it does not appear that he had before the trial, of the order of reference which directed the

payment by the defendants in that action of the expenses of taking the testimony. And it might not have defeated the plaintiff's recovery if he had. The plaintiff Thornton had the right to assume, unless in some manner advised to the contrary, that the attorney who employed him had the authority which his relation as such to his clients imported. And his right of action against them was not affected by any secret or confidential instructions given by them to him qualifying his authority." The following cases are cited in the opinion: *Judson* v. *Gray,* 11 N. Y. 408; *Bonynge* v. *Field,* 81 N. Y. 159; *Bonynge* v. *Waterbury,* 12 Hun 534; *Sheridan* v. *Genet,* 12 Hun 660; *Covell* v. *Hart,* 14 Hun 252; *Harvey* v. *Hilton,* 64 How. Pr. 199.

In *Bonynge* v. *Field, supra,* the court held that in the absence of a special agreement making a personal liability, an attorney for one of the parties to an action could not be held personally responsible for the services of a stenographer. To the same effect is *Bonynge* v. *Waterbury, supra.*

In *Sheridan* v. *Genet, supra,* it was held that where a stenographer furnishes a copy of the testimony given upon the trial of an action to one whom he knows acted as counsel for one of the parties thereto, he can not recover the price thereof from such counsel unless the latter expressly binds himself for the payment thereof, following *Bonynge* v. *Waterbury, supra.* See, also, *Hogate* v. *Edwards,* 65 Ind. 372.

Under the foregoing decisions, we feel warranted in holding that the attorneys in the case at bar had authority to bind their client, the appellant, to pay appellee for the copies of the evidence which she furnished at their request.

Appellee testified in her examination in chief, no objection being made thereto, that two trials of appellant's case were had, in the first of which the jury returned a verdict in his favor for $12,000; in the second, for $10,000.

The counsel for appellant propounded to him in his ex-

amination in chief, the following question: "State the amount of attorney fees you paid in your case against the Monon Railroad Company." The court sustained an objection to this question, and refused to permit appellant to prove that he had paid $3,070 in attorney fees in the cause. These rulings of the court are made the fourteenth and fifteenth reasons for a new trial. It is urged that it was proper thus to show the real amount received by appellant, and rebut the claim of appellee that appellant was to pay her and throw light on the question as to how the parties expected her to be paid. If appellee was entitled to compensation from appellant, neither the amount paid to his attorney as fees, nor his understanding, unknown to her, could affect her claim. The evidence sought to be elicited was immaterial. They also propounded to him the following question: "State what knowledge you have of proceedings in court." The court sustained an objection to this question, and this ruling is made the ground for the sixteenth and seventeenth reasons for a new trial. The claim of appellee acting under authority of appellant's counsel could not be affected by appellant's knowledge or want of knowledge of proceedings in court. Appellee testified that she did the work for which she sues at the request of appellant's counsel. In this she was not contradicted.

The eighteenth and nineteenth reasons for a new trial relate to the admission of the testimony of Joseph H. Ricketts, a young attorney who testified to having arranged and made a digest of the evidence, a delivery of the copies transcribed by the appellee for the defendant and of the use made of the copies. This work was done while he was acting as clerk for Mr. Gard, one of the attorneys for appellant.

The material fact to which this witness testified was that appellant was in the court room when appellee was acting as reporter, when the copies of the evidence were furnished his attorneys, and when in the trial of the cause such copies

were used by them. He was not the attorney for appellant. These material facts occurring in the court room in the trial of the cause were not privileged.

The twentieth and twenty-first reasons for a new trial relate to a conversation testified by appellee to have occurred between herself and Mr. Wesner, an attorney for appellant in his absence. This conversation was given without objection. Appellant then moved to strike it out. The court overruled the motion. The objection should have been made before the testimony was given. But as the attorneys were competent to bind their client, the evidence was competent. *Cleveland, etc., R. Co.* v. *Wynant,* 134 Ind. 681.

The twenty-second reason for a new trial is the alleged error of the court in overruling appellant's objection to appellee's question as to the use of the evidence upon the second trial, transcribed and delivered to attorneys for appellant in the first. In this there was no error.

Counsel for appellant discuss the twenty-third, twenty-fourth, twenty-fifth, twenty-sixth, and twenty-seventh reasons for a new trial together. In these reasons for a new trial appellant's learned counsel seek to show that the trial court erred in not permitting the proof of the agreement between appellant and his counsel, Mr. Wesner, under which all expenses were to be paid by Wesner; that while he had paid one of the reporters for services rendered his attorneys, the amount so paid had been deducted from the attorneys' fee.

As it is not claimed that appellee had knowledge of this agreement, it could not have affected her, and the evidence is therefore immaterial.

Appellant makes the giving of instruction number three requested by appellee the eleventh reason for a new trial. The correctness of this instruction considered alone may well be questioned; but we have read the evidence, and accepting the law as announced in the opinion upon the former

appeal as the law of the case, we are satisfied that upon the evidence the verdict was right. Under numerous decisions, erroneous instructions are not a cause for reversal when the verdict is right. *Stockwell* v. *Brant,* 97 Ind. 474; *State* v. *Ruhlman,* 111 Ind. 17; *Woods* v. *Board, etc.,* 128 Ind. 289.

We find no error for which the judgment should be reversed. Judgment affirmed.