TYRREL et al., Respondents, v. MILLIKEN, Appellant.

St. Louis Court of Appeals, January 12, 1909.

1. QUANTUM MERUIT: Prima-Facie Case. In an action *quantum meruit* for services and material furnished in printing a brief, the evidence is examined and held sufficient to make out a case showing the reasonableness of the plaintiff's charge and to support the finding of the trial court to that effect.

2. PRACTICE: Allegation of Partnership: Denial Under Oath. Where an allegation of partnership in a petition is not denied under oath by the defendant, it is taken as confessed under section 746, Revised Statutes 1899.

3. ———: ———: Amendments. Where an action was commenced in the name of a single plaintiff, it was proper for the trial court to permit an amendment adding the names of other parties and alleging a partnership on the part of the plaintiffs; such an amendment would not change the cause of action where the petition was for the value of services rendered by the plaintiffs to the defendant.

Appeal from St. Louis City Circuit Court.—*Hon. Jesse A. McDonald,* Judge.

AFFIRMED.

*Rassieur, Schnurmacher & Rassieur* for appellant.

The trial court erred in permitting the amended petition to be filed and should have stricken the same from the files, because it amounted to a change from the cause of action sued on to an entirely different action—from a separate, individual cause of action in favor of A, to a joint cause of action in favor of A, B and C. Slaughter v. Davenport, 151 Mo. 26.

*Bishop & Cobbs* for respondents.

The existence of the partnership was admitted by appellant by reason of his failure to file an affidavit denying its existence. R. S. 1899, sec. 745; Mitchell v. Railton, 45 Mo. 282; Haysler v. Dawson, 28 Mo. 531.

NORTONI, J.—This is a suit on *quantum meruit* for the value of materials furnished and services rendered in printing a brief to be filed and used in the Court of Appeals of New York in what is known as the Rice will case. The trial was had before the circuit judge without a jury. Plaintiffs recovered and defendant prosecutes the appeal.

The evidence tended to prove that the plaintiffs were partners doing a printing business in the city of New York, under the firm name of B. H. Tyrrel. The defendant is a resident of the city of St. Louis, and the brother-in-law of Mr. Patrick, who was involved in extensive litigation in New York concerning the will of one Rice, deceased. It appears Mr. Patrick had employed one Tomlinson as his attorney in the Rice will case and probably other litigation then pending. The attorney, Mr. Tomlinson, testified, and in fact it seems

to be conceded, that the present defendant, in order to protect the interests of his wife's brother, Mr. Patrick, and the family name, agreed to pay the expenses incident to the litigation then pending other than attorneys' fees. In accordance with this agreement, Tomlinson had theretofore ordered a brief printed by the present plaintiffs, and defendant, although objecting to the amount, had paid the bill therefor. The Rice will case having reached the Court of Appeals of New York, an order was made by that court to the effect that the briefs should be filed therein on or before October 3rd. Attorney Tomlinson prepared the manuscript and submitted it to plaintiffs, a printing establishment, on the afternoon of September 29th, with a rush order for the printing. In view of the fact that defendant had made some objection to the plaintiffs' charges on the prior brief received from Mr. Tomlinson for him, plaintiffs requested Tomlinson to procure a letter from the defendant saying that he would pay the bill without objection. No contract was made touching the value of the services, but Tomlinson instructed plaintiff to push the work forward as the time for filing briefs was very short. On the same day, Attorney Tomlinson wrote the defendant the following letter:

"New York, September 29th, 1903.
"John T. Milliken, Esq.,
      "316 Clark Ave., St. Louis, Mo.
   "My Dear Mr. Milliken: I have now given to the printer and he is printing our briefs before the Court of Appeals in the Will case. Tyrrel did not care to do the work without a letter from you saying you would pay for them. I told him you would write such a letter; I had to do this as the work had to be done. Please send me a letter to the effect that you will pay for this bill by return mail, and oblige,
            "Very truly yours,
                  "John C. Tomlinson."

To which the defendant answered on October 1st, as follows:

"St. Louis, Mo., Oct. 1st, 1903.
"John C. Tomlinson, Esq.,
      "15 Wall St., New York City.
"My Dear Mr. Tomlinson: Your favor of the 29th ultimo is at hand and I note its contents.
"Of course I will pay the printer for the brief from the Court of Appeals on the Will case, but be careful to see that he does not. charge us more than $1.00 a page.            Yours very truly,
                    "JOHN T. MILLIKEN."

The briefs were completed and served upon adverse counsel in the cause by plaintiffs and the copies ordered delivered to Mr. Tomlinson in due time and before the defendant's letter quoted reached the city of New York. In fact, plaintiffs had no notice whatever of defendant's caution to his attorney, Mr. Tomlinson to be careful to see that plaintiffs did not charge more than one dollar per page for the work, for a considerable time thereafter. On its face the bill rendered for the printing seems to be exorbitant. From a careful perusal of the testimony, however, it appears that because of the time limit in which the briefs were to be prepared and the rush order incident thereto, it involved a large amount of night work. For such night work an extraordinary charge is made by the union labor employed in such establishments and the consequent high charges for night work by the printer. It also appears that Mr. Tomlinson rewrote large portions of the brief after it was in type, which necessitated doing this portion of the work over a second time by the printer. Numerous witnesses testified to the fact that the charges were reasonable and the same as were charged in other establishments for printing of like kind at the time in New York City. In fact, aside from

defendant's complaint that the price was exorbitant, there is no evidence in the case that the charges were not reasonable or that they were more than other establishments in that city would charge for the same services.

The principal argument advanced for a reversal of the judgment is to the effect that the evidence is insufficient to support the same for the reason it appears Attorney Tomlinson was without authority to contract an obligation to exceed one dollar per page for the printing. We are not so persuaded. There is ample evidence in the case tending to prove that defendant had authorized Tomlinson to contract for. him such indebtedness as was essential to a proper conduct of the litigation. No construction can be placed upon the testimony of Mr. Tomlinson himself other than that he had full authority from defendant in that behalf. It is true there is evidence on the part of the defendant to the effect that he had complained of charges theretofore made and written Tomlinson some weeks before suggesting that some other person could possibly negotiate better terms for the printing. Nothing appears, however, in the correspondence prior to the date of the present order for briefs which could be reasonably construed as revoking the authority which Tomlinson claims he theretofore had in that behalf. Indeed, it appears that defendant, not having paid the bill for printing involved in the present action, the plaintiffs wrote him, inclosing a copy of same on November 27th, requesting its payment. To this letter the defendant replied:

"St. Louis, Mo., Dec. 2, 1903.
"Benj. H. Tyrrel, Esq.,
       149 Fulton St., New York City.
    "Dear Sir: Your favor of the 27th ultimo is at hand. I sent your bill to Mr. Tomlinson for his O K but he failed to do it. It does seem to me like you

charge me more money for a little work of anybody I ever had anything to do with.

"Yours Very Truly,

"JOHN T. MILLIKEN."

There seems to be in this letter no intimation of want of authority on the part of Mr. Tomlinson to order the briefs. If anything is to be inferred therefrom, it is that the defendant had deferred paying the bill for no other reason than that it had not been approved by Attorney Tomlinson. It is true the defendant's evidence is to the effect that Tomlinson exceeded his authority in contracting the indebtedness here sued upon. However this may be, the trial judge who saw and heard the witnesses, is exclusively vested with the authority to give judgment upon their credibility and the weight and value of their testimony. There being substantial evidence tending to prove that Tomlinson had been authorized by the defendant to contract the indebtedness in suit as one legitimately incident to the litigation, this court will not attempt to review its action in that behalf.

Defendant's counsel lay much stress, however, upon the letter to Tomlinson of October 1, 1903, in which he said: "Of course I will pay the printer for the brief. . . . Be careful to see that he does not charge us more than one dollar per page." This letter was written several days after the briefs had been ordered and was not received by Tomlinson until after the services had been performed. While it admits the obligation of the defendant to pay, and tacitly ratifies the act of Tomlinson in ordering the briefs, it is true that it contains the admonition to him to be careful to see that the printer did not charge more than one dollar per page. This admonition should be interpreted in the light of the facts that the briefs had already been ordered and, as the writer knew, would be completed before its receipt. Viewed thus, it amounted to no more

than a suggestion from the principal to his agent to obtain a settlement on the best terms possible. On being cross-examined with respect to this letter, the defendant testified that of course he expected to pay for the briefs, and that his only objection was as to the amount of the charge therefor. From defendant it appears that he did not dispute Attorney Tomlinson's original authority to contract the obligation. He levels his complaint entirely against the charges as unreasonable. The following question and answer appears: "Q. First you expected to pay for the brief, did you not, and now the only question is as to the amount; is that not true? A. That is it; that is it." On this question of the amount and the reasonableness of the charge, the evidence is overwhelming to the effect that the charges are reasonable and are the same as is usually made by other establishments in New York City for like services. There is substantial evidence in support of the judgment of the trial court and the assignment on that score will be overruled.

The action was originally commenced in the name of B. H. Tyrrel, plaintiff. An amended petition was afterwards filed in which Elmer B. Tyrrel and Benj. L. Tyrrel were added as coplaintiffs with the original plaintiff, B. H. Tyrrel, and it was alleged therein that the three coplaintiffs were copartners doing a general printing business under the firm or partnership name of B. H. Tyrrel. The answer was a general denial, unverified. Our statute (sec. 746, R. S. 1899, sec. 746, Mo. Ann. St. 1906) provides that unless an allegation of partnership be denied under oath, when the names of the partners are given, the same shall be taken as confessed in the case. For the purposes of the case, the allegation of partnership therefore stands admitted. The argument is advanced, however, to the effect that the court erred in permitting an amendment by which the two additional copartners were brought into the case. It is said that such amendment changed the

cause of action from one in favor of one party to a cause of action in favor of several. Or from a several cause of action to a joint cause of action. This argument is without merit. The cause of action was in no respect changed. No new or different cause of action was introduced thereby. The controversy remained the same as it was before the amendment and the parties were the same, the only difference being that the amendment cured a defect in the description of the parties. Plaintiffs, copartners, conducted their business under the firm name of B. H. Tyrrel. The bringing in of the two remaining partners only operated to bring all of the parties in interest before the court in a cause of action which had accrued to the partnership of B. H. Tyrrel. Our statute (sec. 540, R. S. 1899; sec. 540, Mo. Ann. St. 1906) requires that the cause shall be prosecuted in the name of the real party or parties in interest. Section 558, Revised Statutes 1899 (sec. 558, Mo. Ann. St. 1906), provides that when a complete determination of the controversy cannot be had without the presence of other parties, the court may order them to be brought in by amendment. The several provisions of our code are liberal in respect of amendments for the purpose of bringing parties in interest before the court to the end that a complete determination of the controversy shall be had and subsequent litigation precluded by the judgment. And, indeed, in cases of this nature, it is said it is within the discretion of the trial court to allow an amendment to the complaint, converting it from an action by or against the firm to one by or against the individual members thereof, or *vice versa*. [15 Ency Pl. and Pr., 350; Baker v. Hornick, 51 S. C. 313.] In the present action, the original petition proceeded in the partnership name for a debt owing to the partnership. The partnership consisted of the three Tyrrels, although the name of one alone signified the firm. Therefore the bringing in of the other partners could in no wise im-

pair any substantial right of the defendant, nor impose upon him an additional burden in making his defense. The amendment was proper. The following authorities are in point: Beattie v. Hill, 60 Mo. 72; House v. Duncan, 50 Mo. 453; C. H. Conrades & Co. v. Spink, 38 Mo. App. 309.

The judgment should be affirmed. It is so ordered. *Reynolds, P. J.,* and *Goode, J.,* concur.