## W. B. SANDERS *v.* T. K. RIDDICK *et al.* [*]

### [(*Jackson.* April Term, 1913.)]

1. ATTORNEY AND CLIENT. Contract for percentage compensation, graduated according to amount of recovery, is fixed by amount of recovery in trial court, and each is entitled to interest on his aliquot part.

Under a contract by which attorneys for the plaintiff in a personal injury case were to have as their fee one-third of the amount of the recovery if under $12,000, and one-fourth of the recovery if it was $12,000 or over, such fees to include services in the supreme court, where judgment was recovered in the circuit court for $11,500, and affirmed on appeal after the accrued interest made the aggregate sum collected over $12,000, the attorneys were entitled to one-third of the sum collected; for the "recovery" was the judgment obtained in the circuit court, and the interest accrued, in legal contemplation, on the respective aliquot parts. (*Post, pp.* 703-706.)

Case cited and approved: Bassford v. Johnson, 172 N. Y., 488.

2. SAME. Expense of printing briefs must be borne by client, and not by attorney, when.

The expenses of a lawsuit are the expenses of the client; and, in the absence of any special agreement, the expense of printing the briefs must be borne by the client, and not by the attorney. (*Post, p.* 706.)

Case cited and approved: Bonynge v. Field, 81 N. Y., 159.

3. SAME. Same. Attorney's implied power to cause briefs to be printed at expense of client.

---

[*]As to the implied power of an attorney to bind client for expenses incidental to trial, including associate counsel fees, see note in 23 L. R. A. (N. S.), 702.

Sanders v. Riddick.

Attorneys have implied power to cause briefs to be printed at the expense of their client, who is burdened with the expenditure, if reasonable. (*Post, pp.* 706, 707.)

Cases cited and approved: Hornstein v. Crandall, 156 Ill. App., 520; Tyrrel v. Hammerstein, 33 Misc. Rep., 505, 67 N. Y. Supp., 717; Tyrrel v. Milliken, 135 Mo. App., 293; Miller v. Palmer, 25 Ind. App., 357; Tobler v. Nevitt, 132 Am. St. Rep., 161.

4. **SAME. Contract for certain percentage fee for services in a lawsuit does not entitle attorneys to personal expenses in attending court.**

Where the plaintiffs' attorneys contracted to accept a specified percentage of the recovery as their fee, which was to include services in the supreme court, they were not entitled to railway fares and hotel bills incurred by them in attending the appellate courts, because the contract contemplated that the stipulated fee should cover all services necessarily incidental to the proper conduct of the case, and the attendance of the attorneys to that end, and burdened them with any expense incident to being at the place the services were to be performed. (*Post, p.* 707.)

---

FROM SHELBY.

---

'Appeal from the Chancery Court of Shelby County (Part I).—F. H. HEISKELL, Chancellor.

MACK & DONALDSON, for complainant.

T. K. RIDDICK and M. G. EVANS, for themselves.

Mr. Justice Williams delivered the opinion of the Court.

The bill of complaint in this cause was filed by Sanders against T. K. Riddick and Marion G. Evans, attorneys of the Memphis bar, and alleged their employment to prosecute a suit in complainant's behalf for personal injuries, under the following contract, signed by or in behalf of the parties to this litigation:

"I, W. B. Sanders, hereby employ Marion G. Evans and T. K. Riddick as my attorneys to represent me in my suit against the Memphis Street Railway, and I hereby agree that they may retain as their fee one-third of the recovery in case same is under $12,000, and one-fourth of recovery in case same is $12,000 or over. Executed in duplicate. Said fee is to include supreme court work also."

The defendant attorneys prosecuted the damage suit to verdict and judgment in favor of Sanders in the sum of $11,500 in the circuit court of Shelby county; but the cause was appealed to the court of civil appeals, and there affirmed, and brought into this court by *certiorari*, where it was finally affirmed. Pending the appellate proceedings, nearly two years' interest accrued on the recovery in the circuit court, so that the aggregate sum collected was $12,788. There was, thereafter, a settlement between Sanders and his attorneys, in which the latter retained one-third of the amount so collected, and also retained out of Sanders' two-thirds the sum of $287.55, covering (1) the expense of print-

ing briefs in the appellate courts and (2) the traveling and hotel expenses incurred by the attorneys incident to their attendance on the sessions of the appellate courts at Jackson.

The first and principal contention of complainant Sanders is that the amount collected was improperly divided and disbursed; that, instead of the attorneys retaining one-third, they should have retained only one-fourth, the recovery being treated as the sum realized under the judgment of affirmance, in the personal injury case, in this court, which, being above $12,000, would make, as claimed, a division of one-fourth and three-fourths applicable under the contract's terms. We agree with the chancellor that this contention is not well founded. The "recovery" recited in the contract is to be deemed the judgment obtained in the circuit court, which on appeal in the nature of a writ of error was but affirmed by this court, without a trial *de novo*. That recovery was for less than $12,000, and the rights of the attorneys attached thereto on a one-third basis. The interest accrued, in legal contemplation, on the respective aliquot parts. The appeal led to a delay, in compensation for which interest was granted; but the principle involved is not different from that involved, had a bill been filed by the judgment defendant in the action for personal injuries, enjoining the issuance of execution, with a later dissolution of the injunction, pending which interest would have accrued.

But one case is cited on the briefs of counsel which appears to have relevancy to the question (*Bassford* v.

*Johnson,* 172 N. Y., 488, 65 N. E., 260), and both the complainant and the defendants rely upon it. The question in that case for decision was whether an attorney was entitled to ten per centum upon the amount of an award, with interest accrued. Johnson employed Bassford to represent him as attorney in a condemnation proceeding instituted by a municipality, and the contract was that Bassford should receive "ten *per centum* of whatever award may be obtained for the land." The court said:

"Proceedings were thereupon continued before the commissioners of estimate, who, on the 22d day of May, 1901, made their report, awarding to Johnson for his land the sum of $56,238.10. Upon this sum Johnson was entitled to interest from the date of the vesting of title in the city, which amounted to the sum of $13,975.16, making a total of $70,213.26. . . . The title to the land was taken, as we have seen, by the city on the 1st day of July, 1897, and if the award had been then made, the attorney unquestionably would have been entitled to ten per cent. thereof, and interest thereupon, that thereafter accrued, down to the date of payment; but award was not made until nearly four years thereafter, but, when made, it was for the value of the land at the time the title was taken by the city, and therefore, so far as interest is concerned, the award is deemed to have been made of that date, so that the effect is the same as if the award had been made on that day, and the payment postponed for four years. We consequently are

127 Tenn.—45.

of opinion that, under the retainer, Bassford was entitled to ten per cent. upon the interest accrued, as well as the principal sum for which the award was made."

The court of appeals of New York thus treated the award, and the right to the fee, as relating back to title-making date.

It should be noted by us, in fairness to defendants and by way of parenthesis, that complainant Sanders by contemporaneous action, needless to be here detailed, gave the contract the construction we have placed on it without reference to that fact.

The next ground of complaint by Sanders is that the expense of printing the briefs of his attorneys should have been borne by them, and not by himself. We concur with the chancellor in his view that the expenses of a lawsuit are the expenses of the client, and that, where the service of a third person is needful to the better conduct of the cause, such as a stenographer or a printer, that service, when called into requisition, is *prima facie* at the expense of the client. Referring to such services, it was said in *Bonynge* v. *Field*, 81 N. Y., 159, that "attorneys cannot be held personally responsible for services of this kind rendered in a suit, unless there is a special obligation to that effect." No such special undertaking is claimed to have existed in the case under review. Attorneys have implied power to cause briefs to be printed at the cost of their client; and, of course, as between the attorney and the client, the latter is burdened with the expenditure, if reasonable. *Hornstein* v. *Crandall*, 156 Ill. App., 520; *Tyrrell*

v. *Hammerstein,* 33 Misc. Rep., 505, 67 N. Y. Supp., 717;
*Tyrrel* v. *Milliken,* 135 Mo. App., 293, 115 S. W., 512;
*Miller* v. *Palmer,* 25 Ind. App., 357, 58 N. E., 213, 81
Am. St. Rep., 107; *Tobler* v. *Nevitt,* 132 Am. St. Rep.,
161, note; 3 Ency. Pl. & Pr., 735.

Touching the items of railway fares and hotel bills
incurred by the attorneys in attending the appellate
courts, we are constrained to differ from the chancellor
in his ruling that these were properly deducted as ex-
penses to be borne by Sanders under contract. The fee
being on a basis fixed in advance, and to be earned by
the performance of the nominated services by the attor-
neys, they are burdened with any expense incident to
being at the place the services were to be performed. The
contract contemplated that the fee should cover all serv-
ices which were necessarily incidental to the proper con-
duct of the case, and the attendance of the attorneys to
that end. 3 Am. & Eng. Ency. L. (2d Ed.), 442; 4 Cyc.,
988, 989.

The decree of the chancellor will be modified, so as
to award recovery to complainant in the amount of the
last-named items; costs of appeal taxed, one-fifth to ap-
pellees, and four-fifths to appellant; the decree in all
other respects affirmed.