## E. L. MENDENHALL, Respondent, v. ADRAIN F. SHERMAN, Appellant.

### Kansas City Court of Appeals, June 12, 1916.

1. **LAWYER AND CLIENT: Principal & Agent: Printing Briefs: Liability.** A solicitor for a printer who printed briefs for use in appellate courts, learned from the court docket that defendant was the lawyer for the appellant in a case appearing on that docket. He sought out defendant and obtained an order for briefs, which he printed and delivered to defendant. There being no showing that the lawyer agreed to pay for the briefs, he was not personally liable.

2. ———: **Authority: Agreement: Briefs.** A lawyer has implied authority to order briefs printed for use in his client's case in an appellate court, and if he is known to the printer as being his client's attorney, he is not liable unless he agrees to be personally bound.

3. ———: **Custom.** A custom relied upon by plaintiff should be pleaded.

Appeal from Jackson Circuit Court.—*Hon. C. I. Spellman*, Special Judge.

REVERSED.

*Thad B. Landon* for appellant.

*Garnett & Garnett* for respondent.

ELLISON, P. J.—This action is on an account for printing abstracts and briefs to be used in this court in a case pending here. The trial was had without the aid of a jury and judgment rendered for the plaintiff.

Neither the work nor the amount of the account is disputed. The whole question for decision is whether defendant who gave the order is liable as a principal, or whether, being an agent, he is not liable. The only testimony was that of plaintiff's solicitor for work of

the kind. From his testimony it directly appears that he solicited work for the plaintiff and had experience in that line. That he saw from the records in this court that the case of Moody, Respondent v. Baxter and Walter, Appellants, had been filed and docketed for hearing in this court and that defendant was attorney for the appellants. That he sought out defendant and solicited and obtained the printing. Nothing was said about who it was to be charged to, though in fact, he charged it to defendant, but it did not appear that defendant knew this. That the printing was done and the abstract and briefs delivered to defendant. He demanded payment of defendant who finally referred him to his client, Walter, who did not pay. It does not appear why he did not. The following letter from defendant to plaintiff was introduced by plaintiff:

"Relative to your bill for printing of abstract in the case of Moody v. Baxter, I am enclosing same, with the information that I have taken the matter up with Mr. Walters, who, you will find, is in the Grand Avenue Temple Building. He has asked that you call and endeavor to straighten the matter up."

Defendant insists that the foregoing evidence not only fails to make a case against him but that it affirmatively shows he was not liable and so he asked the court to declare. The question turns on the law of liability of an agent for work done for his principal, and we think it is clearly against the judgment rendered.

It is well settled that an attorney has authority as agent for his client, to bind the latter for the price of printing briefs. [Williamson Paper Co. v. Bosbyshell, 14 Mo. App. 534; Tyrell v. Milliken, 135 Mo. App. 293; 2 Mechem on Agency, sec. 2169; 4 Cyc. 932.]

And in prosecuting his engagement, "He acts primarily for his client and his authorized engagements,

where he is known to be acting as such, should be held binding upon the client rather than upon himself, in the absence of evidence that he intended to bind himself." [2 Mechem on Agency, sec. 2216.]

"The rule is well established that when a person contracts as the agent of another, and the fact of his agency is known to the person with whom he contracts, the principal alone, and not the agent, is responsible. This rule applies to the relationship of attorney and client, and except to a certain class of officers who are not within the general rule, attorneys cannot be held personally responsible for services of this kind rendered in a suit, unless there is a special obligation to that effect." [Bonynge v. Field, 81 N. Y. 159, 160.]

In Saunders v. Riddick, 127 Tenn. 701, 706, it is said that: "The expenses of a law suit are the expenses of the client, and that where the service of a third person is needful to the better conduct of the cause, such as a stenographer or a printer, that service when called into requisition, is prima facie at the expense of the client."

In the dissenting opinion in Thompson Payne & Co. v. Irwin Allen & Co., 42 Mo. App. 424, and in the opinion of the entire court in same case, 76 Mo. App. 418, it will be seen that we have held that where person deals with one whom he knows to be an agent, he presumptively binds the principal and not the agent. And so it is held in Huston v. Tyler, 140, Mo. 252, 268, quoting from Whitney v. Wyman, 101 U. S. 392, that, "When the principal is disclosed and the agent is known to be acting as such, the latter cannot be made personally liable."

Of course an agent may contract as a principal, and if that be shown by the evidence he will be held as such; and he may do this even where the principal is known. So we held in Cameron Sun v. McAnaw, 72 Mo. App. 196. That case, like this, was instituted

against a lawyer for printing his client's briefs; but the vital distinction is, that in that case the lawyer "expressly undertook and promised to pay for the printing of the briefs, if plaintiff would print them." In this case no such contract was shown, and the case is left to be controlled by the ordinary relation which an agent bears to one with whom he contracts in his known principal's business.

Plaintiff sought aid from what he asserted to be a custom for lawyers to bind themselves personally to printers for briefs. The court properly rejected evidence on this subject since a custom was not pleaded. [Gould on Pleading, 60; 2 Chitty on Pleading 644.]

The judgment is reversed. All concur.