Bob SIMS and Sims & Sims Properties, A Partnership, Plaintiff-Appellant,

v.

Bill FREEMAN, Defendant-Respondent.

No. 12489.

Missouri Court of Appeals, Southern District, Division One.

Oct. 13, 1982.

Abe R. Paul, Paul & Paul, Pineville, for plaintiff-appellant.

Dwight Douglas, Douglas, Douglas & Johnson, Neosho, for defendant-respondent.

GREENE, Chief Judge.

This is an appeal by plaintiff, Bob Sims, from the trial court's order sustaining a motion for a directed verdict filed by defendant, Bill Freeman, at the close of plaintiff's evidence in this court-tried case.

The relevant facts and legal history before us are that Bob Sims, as an individual, filed suit against Bill Freeman for an accounting of money received by Freeman on the Lotta B–S Ranch in McDonald County. The suit was commenced by attachment and seven quarter horses in the possession of Freeman were attached. An attachment bond in the sum of $24,000 was filed by Sims and approved by the court. Later, through an escrow agreement between Sims and Freeman, the horses were released to Freeman and $10,000 was substituted for the horses as security.

The original petition was amended by Sims to charge breach of contract by Freeman. Freeman filed an answer and counterclaim to the amended petition. These pleadings did not contain any averment that necessary or indispensable party plaintiffs had not been joined in the amended petition.

Discovery revealed that the Lotta B–S Ranch was not owned and operated solely by Bob Sims, but by Bob and his brother, Bill Sims, as a partnership d/b/a Sims and Sims Properties. Defendant became aware of this situation as early as December 12, 1979, when this information was revealed during the taking of Bob Sims' deposition. Answers to interrogatories filed by Bob Sims on February 29, 1980, also revealed the existence of the partnership and the names of the individual partners.

■ On May 12, 1980, Bob Sims moved to join Sims and Sims Properties as a party plaintiff. This motion, for reasons unknown to us, was granted by the trial court, although a partnership cannot sue in the firm name. *Allgeier, Martin and Associates v. Ashmore,* 508 S.W.2d 524, 525 (Mo.App. 1974). Defendant raised no objection that the suit was brought in the name of the partnership and not the individual partners.

In fact, Freeman moved to expand his answer so that it would answer any claim by Sims and Sims Properties, and amended his counterclaim in like fashion.

The case was tried before the court on August 5, 1981. At the close of plaintiff's evidence, Freeman filed a motion for a directed verdict alleging that the joinder of the partnership as a party plaintiff was improper because a partnership can only sue through and by the individual partners. Plaintiff argued that if there was a nonjoinder, he should be allowed to add Bob Sims as a party plaintiff as there would be no surprise to the defendant, and no change in the cause of action against Freeman.

The trial court took defendant's motion under advisement and, on September 10, 1981, sustained the motion and entered judgment for defendant on plaintiff's petition. The order and judgment were designated as final for the purposes of appeal. The counterclaims were dismissed without prejudice. It is interesting to note that Count I of the counterclaim was *dismissed* without prejudice due to non-joinder of the sheriff of McDonald County. The sheriff had custody of the horses during the attachment period, and it was alleged that some of the animals and their foals died during that period due to negligence in their care.

■ Bob Sims argues here, among other things, that the trial court erred in overruling his motion made at the time the nonjoinder issue was first raised to join Bill Sims, the other partner, as a party plaintiff, since such a proposed amendment was timely made, did not interject any new issue or evidence into the case, and did not constitute surprise to the defendant. Sims urges that the trial court's action in refusing the proposed amendment constituted an abuse of the trial court's discretion. We agree.

■ The rules of procedure provide that a party may amend his pleadings at any time by leave of court and that such leave should be freely given when justice so requires. *Siedler v. Tamar Realty Company,* 491 S.W.2d 566, 569 (Mo.App.1973); Rule 55.33, V.A.M.R. It has long been held

that the trial judge has broad discretion to permit amendment of the pleadings at any stage of the proceedings, even after verdict. *Siedler v. Tamar Realty Company, supra,* at 568. Furthermore, it has been held in cases such as this that an amendment setting out the individual names of the plaintiffs in full after initially suing in the firm name should be allowed when the controversy remains the same with no new or different cause of action proposed to be introduced. *Beattie v. Hill,* 60 Mo. 72, 75–76 (1875); *House v. Duncan,* 50 Mo. 453 (1872); *Tyrrel v. Milliken,* 135 Mo.App. 293, 299–301, 115 S.W. 512, 514 (1909).

In this case, there was no prejudice to Freeman if the offered amendment was allowed, since no new issues or causes of action were thereby interjected into the suit. The addition of Bill Sims as a party plaintiff only corrects a defect in the description of the parties, without surprise to Freeman. The record indicates that Freeman was aware of the existence of Bill Sims as a partner for more than a year before the trial. Freeman's claim in the trial court, and here on appeal, that allowing such an amendment prejudices him, because Bill Sims *is not a principal on the* attachment bond, strikes no responsive chord with us. The trial court, in its discretion, may order Bill Sims added as a principal on the attachment bond, since Freeman has not challenged the sufficiency of the current attachment bond.

Freeman should not be allowed to take advantage of a defect in the description of the parties-plaintiff when there is no surprise or prejudice to him in allowing a correction of the defect. When a suit is brought in the partnership name instead of all the individual partners' names, "if advantage is sought to be taken of the defect, it should be done by suitable motion before the trial is closed, so as to give the parties *an opportunity to amend." Fowler & Wild v. William,* 62 Mo. 403, 404 (1876) (emphasis added). Freeman did file a motion objecting to the description of the parties plaintiff before the trial closed. The trial court erred in not allowing the proposed amendment.

The trial court's judgment is reversed and the cause remanded to the trial court with directions to set aside its order sustaining defendant's motion for directed verdict, to allow plaintiff to add Bill Sims as a party-plaintiff, to permit plaintiff to amend his pleadings to include Bill Sims as a party-plaintiff, to grant defendant sufficient time to respond to the amended pleadings, and to grant a new trial on the amended pleadings.

All concur.